JUDGE LINDSAY
jwuvered thb opinion oe the court.
“ The laws of Kentucky do not profess either to grant or to secure or protect the right of ferrying across the Ohio River except from this to the opposite shore, nor do we find that there has been any attempt by statute to regulate or interfere with the transportation from the other side to this under authority derived from the laws and government on the opposite shore.” (Newport v. Taylor’s executors, 16 B. Mon. 784.) The penalty denounced against ferrymen by section 2 of the act of March 4, 1865 (Myers’s Supplement, page 236), was intended to and could only apply to those who failed or refused, without reasonable excuse, to perform a duty imposed upon them by the laws of this state. Said laws do not require them to transport persons or things from the state of Ohio to this state. The refusal complained of, having occurred in the state of Ohio, did not subject the ferryman to the payment of the penalty sought to be recovered by this action. The petition does not show that the appellee was under any legal obligation or had any authority to transport the appellant from the Ohio shore to this state; and therefore did not authorize a recovery even for the actual damages he may have sustained by reason of his enforced delay.
The court did not err in sustaining the demurrer to and dismissing appellant’s petition.
Judgment affirmed.