CASE 97—ACTION BY THE COMMONWEALTH V. LOUISVILLE & JEFFERSON-
    VILLE FERRY COMPANY TO RECOVER TAXES—JUNE 13.

# Louisville & Jeffersonville Ferry Co. v. Commonwealth of Kentucky (five cases).

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR COMMONWEALTH AND DEFENDANT APPEALS.   AFFIRMED.

TAXATION—VALUATION OF FERRY FRANCHISE—ADDITIONAL FRANCHISE
    GRANTED BY ANOTHER STATE—RETROACTIVE ASSESSMENTS.

Held:   1. The fact that a ferry company incorporated in Kentucky, and having a franchise granted by that State for the transportation of persons and property from the Kentucky side to the Indiana side of the Ohio river, has also a franchise, granted by the State of Indiana, for the transportation of persons and property from the Indiana side to the Kentucky side of the Ohio river, does not require that the State of Kentucky, in valuing its franchise for taxation, shall deduct anything on that account; the State of Kentucky having the right to tax the added value which the Indiana franchise gives to the Kentucky franchise.

2. The fact that a Kentucky ferry company, domiciled in Kentucky, is engaged in interstate commerce, does not deprive the State

718　　　　　　KENTUCKY REPORTS.　　　　[Vol. 108

Louisville & Jeffersonville Ferry Co. v. Com. of Kentucky (five cases).

of Kentucky of the right to tax its franchise; and its income may be considered in fixing the value of that franchise.

3. Under Kentucky Statutes, section 4090, providing that where the report of a corporation is not made within the time required by law, the State Board of Valuation and Assessment shall proceed to ascertain the facts, and fix the value of the corporate franchise for taxation, and section 4077, providing that the Auditor shall call the board together from time to time as the business may require, the board has power to make retrospective assessments of franchises which have been omitted from taxation for previous years; and this is true, though section 4241 confers power upon the sheriff and auditor's agent to assess omitted property.

(Held in second opinion.)

4. Taxes are liabilities created by statute, within the Kentucky Statutes, section 2515, and are barred after the lapse of five years after they are due and payable, but they do not become due until after the assessment is made.

HUMPHREY & DAVIE, ATTORNEYS FOR APPELLANT.

*First*, The Board of Valuation and Assessment had no right to take into consideration the value of the Indiana franchise for the purpose of a Kentucky assessment.

*Second*, The assessment being based upon earnings of interstate commerce is void.

*Third*, The board was bound by the law to apportion the net earnings equitably between the Kentucky franchise and the Indiana franchise.

*Fourth*, The taxes for 1893 are barred.

*Fifth*, The board had no right to make any assessments for the years 1893, 1894, 1895, 1896 or 1897.

1. The jurisdiction of Indiana and Kentucky are concurrent over the river and neither State can grant a ferry franchise for the transportation of persons and property except from its own border to the border of the other State. Virginia Compact, art. 11; Ky. Stats., page 44; Newport v. Taylor's Exrs., 16 B. Mon., 699, 784; Conway v. Taylor, 1 Black, 622; Rives v. Little, 7 Bush, 469.

2. A ferry franchise is an incorporeal hereditament. 2 Washburn on Real Property, 291-2 and 210; Stevens v. Stevens, 3 Dana, 371; Lipp v. Allander, 27 Ia., 460; 1 Scribner on Dower, 189; 2 Scribner on Dower (74), 599.

3. The so-called franchise tax is a tax on property. Henderson Bridge Co. v. Com., 99 Ky., 623; Henderson Bridge Co. v. Ky.,

Louisville & Jeffersonville Ferry Co. v. Com. of Kentucky (five cases).

166 U. S., 150, 152, 154; Adams Express Co. v. Kentucky, 166 U. S., 171, 180.

4. The Board of Valuation and Assessment, in capitalizing net earnings from interstate commerce, in effect was levying a tax on interstate commerce, and this is void. Gloucester Ferry Co. v. Penn., 114 U. S., 196; Phila. Steamship Co. v. Pa., 122 U. S., 326.

5. The board should have apportioned the valuation as between the franchises granted from the two States. Ky. Statutes, secs. 4079, 4080.

6. The board has no right to retrospectively assess, such power being given to another officer. 1 Desty on Taxation, 460; Welty on Assessments, sec. 24; Burroughs on Taxation, sec. 93; Sudderth v. Brittain, 76 N. C., 458; C. N. R. R. Co. v. Commissioners, 77 N. C., 4; Johnson v. Royster, 88 N. C., 194; State v. L. S. B. & S. D. Co., 32 La. Ann., 736; Ky. Stat., sec. 4241; Endlich on Interpretation of Statutes, pages 559, 288.

M. H. THATCHER FOR APPELLEE.

Citations and authorities quoted in argument against the following propositions argued by appellant:

*First*, That the jurisdiction of Indiana and Kentucky are concurrent over the river, and neither State can grant a franchise for the transportation of persons and property, except from its own border, to the border of the other State; and that Indiana has equal property rights in the Ohio river as Kentucky. Virginia Compact, art. 11, Ky. Stats., page 44; Meyler v. Wedding, S. W. R., vol. 53, page 809; Lou. Bridge Co. v. City of Louisville, 81 Ky., 194; McFall v. Com., 2 Met., 394; Handley's Lessee v. Anthony, 5 Wheat., 374, 5 L. Ed., 113; Henderson Bridge Co. adv. Com., 99 Ky., 626.

*Fifth*, That these cases are unlike that of Henderson Bridge Co. v. Kentucky, because the Henderson Bridge Company was not engaged in commerce or transportation. Henderson Bridge Co. adv. Com., 99 Ky., 626.

*Seventh*, That the taxes for 1893 are barred by limitation. Act 1889-90, page 144, ch. 1763; Ky. Stats., sec. 4078.

*Eighth*, That the Board of Valuation and Assessment had **no** right to retrospectively assess, such power being given to another officer. Ky. Stats., secs. 4078, 4090 and 4091; A. & E. Enc., vol. 25, p. 448; Mills v. Johnson, 17 Wis., 598; Hallo v. Halmer, 12 Neb., 87; St. Louis, &c., R. Co. v. Suwell, 88 Ill., 535; People v. McCreery, 34 Cal., 432, and sundry other **cases** referred to in foot-note; A. & E., vol. 25, 449.

Louisville & Jeffersonville Ferry Co. v. Com. of Kentucky (five cases).

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING. FOLLOWED
    BY SECOND OPINION, ALSO AFFIRMING.

The judgments from which the appeals are prosecuted
are for the franchise tax for the years 1894, 1895, 1896,
1897 and 1898. The appellant is a corporation organized
under a special act of the Legislature passed in 1869. It
purchased a ferry franchise which had been originally
granted by the territorial authorities of Indiana, which
authorized the original grantee to conduct a ferry busi-
ness across the Ohio river from Indiana to Kentucky.
By regular devolution of title, through descents and con-
veyances, appellant owns the rights thus granted. The
franchise thus acquired authorizes the appellant to trans-
port persons and property from Jeffersonville, Ind., to
Louisville, Ky. There was vested in the sinking fund
commissioners of the city of Louisville title to the ferry
rights along the Ohio river within the boundaries of that
city, and by an agreement with them the appellant be-
came the owner of it. The appellant owned certain ferry
boats which are enrolled at the port of Louisville. It
owned certain real estate in the State of Indiana. It
has paid its taxes upon its real property in Indiana, and
upon its personal property in this State. It has paid its
taxes only upon its tangible property. It appears to have
no income except the revenue derived from carrying per-
sons and property from one side of the river to the other.
The board of valuation and assessment fixed the value of
the franchise for the corporation as if it conducted all
of its business in the territorial limits of the State of
Kentucky, not deducting anything from that value on ac-
count of the fact that it exercised the privilege of con-
veying passengers from Jeffersonville to Louisville by

reason of its acquisition of privileges which were originally granted under the laws of that State.

On behalf of appellant it is urged (1) that the franchise belonging to the corporation, derived by it from the State of Indiana, is an incorporeal hereditament, whose location is in the State of Indiana, and which can not be taxed by the State of Kentucky, nor can its value be included in any tax which the State of Kentucky endeavors to exact from it; (2) that as the revenues of the corporation are derived from the exercise of two independent franchises, one having its source from the State of Kentucky, and the other having its source from the State of Indiana, only so much of the value assessed as comes from the exercise of the Kentucky franchise can be taxed; (3) that, as the franchise of the corporation is solely employed in the business of interstate commerce the revenues from the exercise of that franchise are not subject to State taxation, nor can they be made the basis of an assessment for the purpose of State taxation; (4) that, the assessments not having been made within the years during which the taxes were due and payable, the board of valuation and assessment could not make the assessment,—in other words, has no right to retrospectively assess.

We will consider the first and second objections together. We deem it unnecessary to enter into a consideration as to the meaning of the eleventh article of the compact with Virginia. It is sufficient to say that in Newport v. Taylor's Ex'rs, 16 B. Mon., 784, and Reeves v. Little, 7 Bush, 469, this court has held that the State of Kentucky has the right to grant a ferry franchise for the transportation of persons and property to the States

on the northern side of the Ohio river, and that she has never attempted to exercise the right to grant a ferry franchise for the transportation of persons or property from the northern shore of the Ohio river to the Kentucky shore, but the statutes of Kentucky only attempted to regulate the transportation of persons and property from this State's northern boundary to the opposite shore of the Ohio river. From our view of the question here involved, it is unnecessary to enter into a consideration of the question as to the right which the State of Kentucky might exercise in the matter of regulating transportation of persons and property across the Ohio river from its northern to its southern shore. The appellant is a Kentucky corporation. The board of valuation and assessment did not attempt to assess or tax its revenues coming from the exercise of its franchise in the transportation of persons and property over the Ohio river. But, under certain sections of the Kentucky Statutes, it assessed the value of appellant's franchise, which is its intangible property. The board did not assess or attempt to assess the property, either tangible or intangible, which it owned in the State of Indiana. By virtue of its corporate authority the appellant acquired ferry boats, the ferry rights within the city of Louisville, which included the right to transport persons and property from Kentucky to Indiana over the Ohio river, and the necessary use of its wharf to carry on that business. It also, by contract (which its charter seems to have authorized it to do), acquired wharf privileges on the Indiana side, and also the right which had been previously granted by Indiana to transport persons and property from Indiana to Kentucky over the Ohio river. It also owns a park in Indiana. The property thus acquired

constituted all of its property, tangible and intangible, in Kentucky and Indiana.     Having thus acquired the foregoing property, and having profitably used it, its corporate franchise presumably became of the value fixed by the board of valuation and assessment.   If the franchise of the appellant became valuable by the acquisition of tangible or intangible property, or both, the effect is exactly the same, whether it is acquired in Indiana or in Kentucky, or both.   It is not the tangible or intangible property in Indiana which the appellant acquired by purchase which is sought to be taxed, but the value of its franchise which has been created in and now exists in Kentucky.   We do not   think the case of Henderson Bridge Co. v. Com., 99 Ky., 623, (31 S. W., 486), is in conflict with the views here expressed.   There the Commonwealth only attempted to tax its franchise to low-water mark on the Indiana side.   This was done because that part of the bridge which was in the State of Indiana was constructed under a charter from the State of Indiana. and presumably held and operated by virtue of it.

There is no doubt but what the business which the appellant carries on may be properly designated as "interstate commerce," and that it is a subject of national character; Congress having the authority and the power under the Constitution to regulate it.   The State of Kentucky is not attempting to impose a tax upon receiving and handling persons and property, but is simply attempting to collect a franchise tax on the corporation created by law.   As authorized by the laws and Constitution, the State is entitled to impose a tax upon its tangible property.   The supreme court, in Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 206, (5 Sup. Ct., 829), 29 L. Ed., 163), said: "It is true that the property of corpora-

tions engaged in foreign or interstate commerce, as well as the property of corporations engaged in other business, is subject to State taxation, provided, always, it be within the jurisdiction of the State." In Morgan v. Parham, 16 Wall., 471, (21 L. Ed., 303), it was held that a vessel registered in New York was not subject to taxation in Alabama, though engaged in commerce as one of a regular line of steamers between Mobile, in that State, and New Orleans, in Louisiana. In that case the court said: "It is the opinion of the court that the State of Alabama had no jurisdiction over this vessel for the purpose of taxation, for the reason that it had not become incorporated into the personal property of that State, but was there temporarily only, and that it was engaged in lawful commerce between the States, with its situs at the home port of New York, where it belonged, and where its owner was liable to be taxed for its value." If the State was attempting to impose a tax upon the gross receipts or revenues of the appellant, it might be plausibly argued that it was a tax imposed upon interstate commerce; for it was held in Philadelphia & Southern S. S. Co. v. Pennsylvania, 122 U. S., 326, (7 Sup. Ct., 1118), (30 L. Ed., 1200), that a State tax upon the gross receipts of the steamship company incorporated under its laws, which are derived from the transportation of persons and property by sea between different States, is a regulation of interstate commerce, in conflict with the exclusive powers of Congress under the Constitution; but the court (page 345, 122 U. S., page 1124, 7 Sup. Ct., and page 1204, 30 L. Ed.), said: "The corporate franchises, the property, the business, the income of corporations created by a State may undoubtedly be taxed by the State; but, in imposing such taxes, care should be taken not to inter-

fere with or hamper, directly or by indirection, interstate
or foreign commerce, or any other matter exclusively
within the jurisdiction of the Federal Government." In
Henderson Bridge Co. v. Kentucky, 166 U. S., 154, (17
Sup. Ct., 533), (41 L. Ed., 954), the court said: "The fact
that the tax in question was to some extent affected by
the amount of the tolls received, and therefore might be
supposed to increase the rate of tolls, is too remote and
incidental to make it a tax on the business transacted.
This very question was decided in New York, Lake Erie
& W. R. Co. v. Pennsylvania, 158 U. S., 431, 439, (15 Sup.
Ct., 899), (39 L. Ed.. 1045), where it was said: 'It is argued
that the imposition of a tax on tolls might lead to in-
creasing them, in an effort to throw their burden on the
carrying company. Such a result is merely conjectural,
and, at all events, too remote and indirect to be an inter-
ference with interstate commerce. The interference with
the commercial power must be direct, and not the mere
incidental effect of the requirement of the usual propor-
tional contribution to public maintenance.' "

The appellant is domiciled in Kentucky, and the prop-
erty sought to be taxed has its situs in Kentucky; and,
as we have said, there is no attempt to tax the appellant's
business, income, or revenues, but its income is alone
considered in fixing the value of its franchise. The board
of valuation and assessment has the right to make ret-
rospective assessments. Section 4090, Kentucky Statutes,
reads as follows: "Should any corporation fail to make
the reports as required herein on or before the first day
of October of each year, the said board shall proceed to
ascertain the facts and values as required by this article,
in such manner and by such means as it deems proper,
at the cost of the company failing to make the report,

726        KENTUCKY REPORTS.        [Vol. 108

Louisville & Jeffersonville Ferry Co. v. Com. of Kentucky (five cases).

and shall fix the values of the corporate franchise liable for taxation as aforesaid, and the corporation shall be taxed accordingly." By this section, if the reports are not made within the time prescribed by law, the board may proceed to ascertain the facts and values as required by the article; and, in our opinion, it was intended by this section that they should exercise this power at any time. Besides, section 4077 provides that the auditor may call the board of valuation and assessment together from time to time as the business of the board may require. This indicates that they may have meetings at any time to discharge the duties imposed upon them by law, among which is the duty of assessing franchises when no reports are made. Section 4241 imposes a duty upon the sheriff and auditor's agent, but does not interfere with the power of the board to make the assessments as in this case. If they fail to do so, and the sheriff or auditor's agent should attempt to have the assessment made, then the question would arise as to their authority to do so. Until such question arises, we forbear to express an opinion on it. The judgments are affirmed.

Second opinion by Judge Paynter.

The questions involved in this case are the same as in five other cases of the same appellant against the same appellee, this day decided (57 S. W., 624), except it is insisted that the statute of limitation bars a recovery. This court decided in Central Railway & Bridge Co. v. Com., 49 S. W., 456, that an action could be maintained under certain sections of the Kentucky Statutes, not necessary to mention, but it is sufficient to say the right to do so is not based on the act to which counsel refer. Section 4021, Kentucky Statutes, (being a part of the act

of November 11, 1892), gives the Commonwealth, and each county, incorporated city, town, and taxing district, a lien on the property assessed for the taxes due them, respectively, which shall not be defeated by gift, devise, sale, or alienation, or any means whatever, unless the gift, devise, sale, or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes, and costs incident to the sale. This section gives a state of case wherein the lien can not be enforced, but does not seem to limit the time in which the Commonwealth, county, city, etc., shall assert a lien against property undisposed of by the owner. We have examined the revenue act, and are unable to find any provision therein limiting the time in which an action shall be brought to enforce a claim for taxes against the owner. Taxes are liabilities created by statute, and are barred after the lapse of five years after they are due and payable, and they do not become due until after the assessment is made. Section 2515, Kentucky Statutes. These taxes were not assessed until 1898, and, of course, the statute does not bar a recovery. The judgment is affirmed.