CASE 82—ACTION BY SOUTHERN RAILWAY IN KENTUCKY, AND OTH-ERS AGAINST GUS G. COULTER AND OTHERS, FOR AN INJUNCTION.—JUNE 10.

# Southern Railway in Kentucky &c. v. Coulter &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

TAXATION OF CORPORATIONS—FRANCHISE TAX—VALIDITY OF STATUTE—METHOD OF ASSESSMENT—VALUATION BY STATE BOARD OF VALUATION AND ASSESSMENT—LOCAL TAXATION OF FRANCHISE—CERTIFICATION TO LOCAL AUTHORITIES—RETROACTIVE ASSESSMENT—DOUBLE DEDUCTION OF TANGIBLE PROPERTY—ESTOPPEL TO DENY OWNERSHIP OF PROPERTY AT PARTICULAR TIME.

Held: 1. Kentucky Statutes, sections 4077-4081, providing that every railroad corporation and every corporation of various other kinds shall pay a tax on its franchise to the State, and a local tax thereon to the various counties, cities, and towns, and providing that the State board of valuation and assessment shall fix the value of the franchise for that purpose, are constitutional.

2. Under that statute the valuation of the franchise of each railroad corporation must be made by the State board of valuation and assessment, and not by the railroad commission, which is authorized to value only the tangible property.

3. Even if the railroad commission has considered the value of the franchise in fixing the value of the tangible property, the railroad companies are not prejudiced; the entire valuation made by the commissioners having been deducted by the State board of valuation and assessment in arriving at the value of the franchise.

113   657
122    52
e122  287

113    657
1128   270
128    272
128    277
e129   319

4. Though Kentucky Statutes, section 4081, provides that when the lines of a railroad corporation extend beyond the limits of the State the franchise of such corporation "shall be liable to taxation in each county, incorporated city, town or district, through or into which such lines pass, or are operated, in the same proportion that the length of the line in such county, city, town or district bears to the whole length of lines in the State, less the value of any tangible property assessed or liable to assessment, in any such county, city, town or taxing district," the value of the entire tangible property having been deducted in arriving at the value of the franchise for the entire State, the value of the tangible property in each county and city is not to be again deducted, in arriving at the local taxation.

5. Even if the statute authorized such double deduction, it would to that extent be unconstitutional; and that part of the statute should be rejected, and the residue enforced, if it could be done without impairing the residue.

6. The provision of the statute for the apportionment of the franchise tax in proportion to the length of the line in the county is just and reasonable.

7. Where the members of the State board of valuation and assessment have failed to certify the value of the franchise to the counties and cities for certain years, their successors in office may make the certification for those years.

8. An agreement between the State board of valuation and assessment and a corporation to release the corporation from local taxation upon its franchise is void.

9. Where a railroad corporation reported the value of a certain line of road to the auditor for certain years, and upon that report the value of its franchise was fixed, and taxes paid thereon to the State, having thus recognized itself as the owner of that line at that time, it is precluded from objecting to the certification of the value of its franchise to the various counties and cities upon the same basis for those years, upon the ground that it had not then come into possession of that line.

10. While the railroad corporations are not bound to pay the county franchise tax simply because they paid the State a franchise tax, they have no right to complain of the delay in enforcing the local taxes.

11. The railroad companies can not complain because the State board of valuation and assessment in certifying the value of the franchises of telegraph and telephone companies to the local authorities made a second deduction of the value of their tangible property, as such a mistake as to them does not make valid a still greater mistake as to the railroad companies.

J. H. HAZELRIGG, J. M. DICKSON, PIRTLE & TRABUE, HAR-
MON COLSTON, GOLDSMITH &´ HOADLEY, HUMPHREY,
BURNETT & HUMPHREY, HELM, BRUCE & HELM, W. H.
WADSWORTH, J. R. ELLIOTT AND BRECKINRIDGE &
SHELBY, FOR APPELLANTS.

### ,POINTS RELIED ON.

1. The letter of the law requires a deduction which, when
made, leaves nothing to be taxed.

This letter is plain and unambiguous and there is no room for
construction. The courts are bound by •the law as written un-
less there is some . ambiguity or room for construction.

If the law ´is an absurdity and unconstitutional, then there is
no law at all for the tax sought to be collected.

2. The last Legislature struck out this clause requiring dou-´
ble deduction; and this is a legislative ₁ construction in our
favor; for confessedly, the Legislature didn't think the law
now means the same as it did before the change. If so, no
change would have been made.

It was the clear intent ·of the ₁Constitution and the statutes,
that this whole matter of assessing railroads, including their
earning capacities "as carriers of freight and passengers"
should be under the taxing powers of the *railroad commission.*

### ADDITIONAL STATEMENT OF POINTS FOR APPELLANT.

1. Under the statutes of this State, the *railroad* commission-
ers have the right to assess all property of railroads, includ-
ing the franchise. Kentucky Statutes, ˙sections 825 and 4096.
See also the act for the assessment of railroad companies by
the railroad commissioners, session acts 1878, and note differ-
ence between this language and the language as carried ˍinto
the Hewitt law.

˙See also Louisville Tobacco Warehouse Co. v. Commonwealth,
20 Ky. Law Rep., 1748.

2. If, as a matter of fact, the railroad commissioners did
include the franchise in valuing the railroad property, and
that assessment has been paid on to the State and municipal
sub-divisions, it is not proper that the same property should
be again assessed by the board of valuation and assessment
and payment upon it exacted by the ₁State and municipal sub-
divisions.

This was conceded at the bar by counsel for appellee.

3. ·As there is ·no escaping the conclusion that · the deduc-
tion provided for by section 4081 i₃ from the franchise value,
indeed since that i₃ conceded, the court should not disregard

but should give effect to these words, as they embrace a distinct and complete idea within themselves. Endlich on Interpretation of Statutes, secs. 4, 23, 24; Nichols v. Wells, Snead's Reports, 255; approved in Deposit Bank of Owensboro v. Daviess County, 102 Ky., 206; Bosley v. Mattingly, 14 Ben Mon., 72; Sneed v. Commonwealth, 6 Dana, 338.

4.   It being conceded that the tangible property in the various municipal sub-divisions of the State has been for the years 1898, 1899 and 1900 deducted from the franchise value of all other corporations coming within the purview of section 4081 of the Kentucky Statutes, the same deduction must be allowed to the railroad companies classified with the other corporations in that same section, because otherwise the equal protection of the laws guaranteed by the fourteenth amendment to the Federal Constitution will be denied to the railroad companies.   Taylor v. Louisville & Nashville Railroad Co., 88 Fed., 364; Cummings v. Bank, 101 U. S., 153.

ADDITIONAL POINTS AND AUTHORITIES FOR APPELLANT.

1. The Illinois Central R. R. Co and C., St. L. & N. O. R. R. Co. are innocent purchasers and not responsible for back assessments for 1896-7-8.

2. The board of valuation and assessment has no authority to revise action of their predecessors, and make assessment where they determined that there was nothing to assess.   The action of the board in refusing to apportion is *res adjudicata*. The legal presumption is that the board performed its duty when the reports were filed by the railroads.   Lou. & Jeff. Ferry Co. v. Com., 22 Ky. Law Rep., 446.

3. To single out the railroad companies from other companies like telegraph, express companies, etc., would be a discrimination unjust and illegal, and deprive them of the equal protection of the laws.   The fourteenth amendment may be violated as well in the enforcement of an unexceptionable law as in the enactment of a partial or discriminative law.   Neal v. Delaware, 103 U. S., 370; Yick Wo v. Hopkins, 118 U. S., 356, 373; Taylor v. L. & N., 88 Fed., R., 350, 361, etc.; Cummings v. Bank, 101 U. S., 153.

4. The railroad commission assessed appellants' franchises every year and apportioned assessment to the counties and other tax districts, and additional assessment of counties would be double taxation prohibited by justice, and State and Federal Constitutions.   Kentucky Statutes, sec. 4096, Lou. Tobacco Wh. Co. v. Com., 20 Ky. Law Rep., 1746; R. R. Co. v. Kentucky, 115 U. S., 321; Cooley Tax., secs. 253-54, etc.

Southern Railway in Kentucky, &c. v. Coulter, &c.

5. A proper construction of the statute requires deduction of the tangible property in each county, and after such deduction nothing is left to apportion. Cooley Tax., 264, Kentucky Statutes, 4081.

6. Where the language of a statute is plain, the court's province is confined to construction. It has no power to reform. If the statute is incapable of operation, the court can not give the words a conjectural meaning. Cooley Tax., sec. 264; Endlich, secs. 4, 23, 24; Black, Interpretation of Laws, sec. 36; State v. Partlow, 91 N. C., 550; Com. v. Bank of Penn., 3 Watts & S., 173; Green v. Wood, 7 Ad. & El. (N. S.) 178; Bosley v. Mattingly, 14 B. M., 72; Deposit Bank v. Daviess Co., 102 Ky., 206; Snead v. Com., 6 Dana, 338.

7. The court may sometimes enforce a statute while disregarding an invalid provision, but only where the valid portion is distinct and capable of execution, wholly independent of the invalid partion. Parkland v. Gaines, 11 Ky. Law Rep., 66; Tate v. Parkland, Ibid., 839; Pollock v. Farmers' L. & T. Co., 158 U. S., 635; Sprague v. Thompson, 118 U. S., 94; Poyndexter v. Greenhow, 114 U. S., 304; Union Sewer Pipe Co. v. Connolly, 99 Fed. R., 254.

W. O. DAVIS, FOR APPELLEE.

Thos. W. Thomas, attorney for Warren county.
R. C. Simmons, attorney for Kenton county.
Frank P. O'Donnell, attorney for Mason county.
Jas. H. Polsgrove, attorney for Franklin county.
Guy H. Briggs, attorney for Franklin county.
Sam. C. Molloy, attorney for Lyon county.
John W. Ray, attorney for Carlisle county.
Robert Wood, attorney for Gallatin county.
T. D. Underwood, attorney for Barren county.
E. M. Harvey, attorney for Edmonson county.
C. R. Corden, attorney for Hart county.
J. F. Combs, attorney for Bullitt county.
E. D. Morrow, attorney for Hopkins county.
Lee Gibson, attorney for McLean county.
J. L. Rogers, attorney for Muhlenberg county.
E. G. Vick, attorney for Logan county.
G. W. Wilson, attorney for Todd county.
J. C. Graham, attorney for Grayson county.
A. T. Crunaman, attorney for Union county.
N. P. Taylor, attorney for Henderson county.
Charles A. Hardin, attorney for Mercer county.
R. L. Pulliam, attorney for Shelby county.

Southern Railway in Kentucky, &c. v. Coulter, &c.

W. H. Morgan, attorney for Anderson county.
J. C. B. Sebree, attorney for Scott county.
L. B. Finn, attorney for Simpson county.
W. W. Points, attorney for Grant county.
Harvey Helm, attorney for Lincoln county.
G. W. Shadoan, attorney for Pulaski county.
Samuel A. Jeffries, attorney for Clark county.
G. E. Coons, attorney for Montgomery county.
W. T. Smoot, attorney for Bath county.
W. J. A. Rardin, attorney for Greenup county.
W. C. Halbert, attorney for Lewis county.
W. A. Bryon, attorney for Bracken county.
Ramsey Washington, attorney for Campbell county.
Ben Spalding, attorney for Marion county.
T. S. Mayes, attorney for Washington county.
J. B. Crumbaugh, attorney for Fleming county.
E. S. Clark, attorney for Pendleton county.
J. F. Morgan, attorney for Nicholas county.
W. H. Hester, attorney for Graves county.
Thomas Smith, attorney for Hickman county.
C. H. Wilson, attorney for Livingston county.
D. P. Smith, attorney for Trigg county.
A. W. Lisenbeck, attorney for Caldwell county.
Conn Linn, attorney for Calloway county.
J. B. Kevil, attorney for Crittenden county.
Eugene Graves, attorney for McCracken county.
Chas. H. Sanford, attorney for Henry county.
H. F. Remley, attorney for Hickman county.
T. S. Thompson, attorney for Lawrence county.
H. L. Stone, attorney for City of Louisville.
T. L. EDELEN, JOHN W. RAY, OF COUNSEL.

POINTS AND CITATIONS OF AUTHORITY.

Section 4081, Kentucky Statutes, can not be construed to mean that the value of the tangible property of appellants shall be deducted twice to find the value of their franchise or intangible property subject to local taxation. Such a construction would be at variance with every recognized rule laid down for the interpretation of statutes and unconstitutional. Barbour v. City of Louisville, 82 Ky., 103; Bradley v. Commonwealth, 11 Bush, 688; Marion Co. v. Arnett, 1 Law Rep., 267; Phillips' Heirs v. Pope, 10 B. M., 172-3; Mason v. Rogers, 4 Littell, 377; Am. & Eng. Ency. of Law, vol. 23 (1st ed.), 307; notes 349, 361; Ryegate v. Woodsboro, 30 Vt., 745; Lutz v. City of Crawfordsville, 109 Ind., 468; Adams Ex. Co. v. Ky., 166 U. S., 180-1

(41 L. E., 963-4); Board of Councilmen, City of Frankfort v. Stone, Auditor, 22 L. R., 27, 502; Sams v. Sams, 85 Ky., 400; Endlich on Interp. of Stat., 400; Bird v. Board of Commissioners, 95 Ky., 198; Henderson Bridge Co. v. Commonwealth. 99 Ky., 638, 639, 641; Same v. Same, 166 U. S., 154; Same v. Negley, Sheriff, 23 L. R., 747; Adams Ex. Co. v. Ky., 166 U. S., 180; Waller v. Martin, 17 B. M., 170; C., N. O. & T. P. v. Commonwealth, 115 U. S., 34 (29 L. E., 418); Royer Wheel Co. v. Taylor County, 104 Ky., 741; Lou. Tob. Whse. Co. v. Commonwealth, 20 L. R., 1747; W. U. Telegraph Co. v. Norman, 77 Fed. Rep., 22; 1 Lawyers Rep. An., 248; 3 Lawyers Rep., An., 206; V., S. & P. R. R. Co. v. Dennis, 116 U. S., 665; Union Ref. Transit Co. v. Lynch, 18 Utah, 378; 48 L. R., 796; Sutherland Stat. Con., sec. 364; Kentucky Statutes, secs. 459, 1839, 4020, 4077, • 4078-9, 4081; State Constitution, secs. 171-2-4.

2. The railroad commission had no authority to assess, and did not assess, appellants' franchises. Cooley on Taxation, 168, 170, 171; Phoenix Iron Co. v. Commonwealth, 59 Penn., 104; Clev., C., C. & St. Louis R. R. Co. v. Backus, 18 L. R. A., 734, 742; Lee v. Sturgis, 2 L. R. A., 559, 562; Kentucky Statutes, secs. 821, 4078, 4096, 4098, 4102.

·3. The assessments made by the board of valuation and assessment were not arbitrary and excessive, but, on the contrary, much lower than they should have been; State Railroad Cases, 92 U. S., 575 (L. E., 673-4); 18 L. R. A., 742; Cooley on Taxation, 748; Henderson Bridge Co. v. Commonwealth, 99 Ky., 645; The C., B. & Q. R. R. v. Cole, 75 Ill., 594; Kentucky Statutes, sec. 4083.

4. The contemporaneous construction of section 4081 by the board of valuation and assessment was unfavorable to the double deduction theory of appellants. Lou. Tob. Whse. v. Commonwealth, 20 L. R., 1047; U. S. v. Pugh, 99 U. S., 269.

5. The action of the board of valuation and assessment in failing or refusing to apportion and certify for local taxation, the assessments of appellants' franchises made for State purposes, was not final or conclusive, being merely the omission of the board to perform a ministerial duty. Cooley on Taxation, pp. 726-8, 730-2; Stone, Auditor v. City of Lou., 22 L. R., 423; Board of Councilmen, City of Frankfort v. Mason & Foard Co., 18 L. R., 545; Lee v. Sturgis, 2 L. R. A., 563; Vicksburg, S. P. R. R. Co. v. Dennis, 116 U. S., 665.

6. The board of valuation and assessment had the right to make a retrospective assessment of the appellants' franchises. Cooley on Taxation, 281, 282-3-4, 289, 291; Levy v. City of.

Louisville, 97 Ky., 394; Louisville & Jeff. Ferry Co. v. Commonwealth, 22 L. R., 449; Anderson v. City of Mayfield, 93 Ky., 230; C., N. O. & T. P. R. R. Co. v. Commonwealth, 51 S. W. R., 568; Stone, Auditor v. City of Louisville, 22 L. R., 423.

### ADDITIONAL POINTS BY H. L. STONE, ATTORNEY FOR CITY OF LOUISVILLE.

1. Where is the power to assess the franchises of railroad companies lodged by existing statutes? Is it in the railroad commission? Or is it in the board of valuation and assessment?

2. Have the franchises of the appellant railroad companies been assessed by the railroad commission, under an unwarranted assumption of power, and have appellants paid State and local taxes on such assessments for the years 1896-7-8-9, and 1900?

3. The board of valuation and assessment alone has power under existing statutes to value and assess the franchises or intangible property of railroad companies.

4. The statutory method was followed by the board of valuation and assessment in making the assessments of appellants' franchises, the apportionment of which is sought to be enjoined by appellants.

5. Appellants have not been denied the equal protection of the laws, within the meaning of the fourteenth amendment to the Federal Constitution.

FRANK P. O'DONNELL FOR APPELLEE.

### AUTHORITIES CITED.

Kentucky Statutes, sec 4077; Kentucky Statutes, sec 4079; Kentucky Constitution, secs. 171, 174.

1. Constitutionality of the acts, and the validity of the basis of valuations of the State board of valuation. Paducah St. Ry. Co. v. McCracken Co. and als., 49 S. W., 178; Henderson Bridge Co. v. Com., 31 S. W., 178; Com. v. Louisville Water Co., 37 S. W., 573; So. Covington & Cin. St. Ry. Co. v. Town of Bellevue, 49 S. W. Rep., 23; Louisville & Jeff. Ferry Co. v. Com., 47 S. W., 23; Louisville Tob. Whse Co. v. Com., 48 S. W., 420; Stone v. Wilson, 39 S. W., 49; Com. v. E. H. Taylor Jr. Co., 41 S. W., 11; Henderson Bridge Co. v. Com., 166 U. S., 150.

2. Construction of statutes. Bird v. Board of Commissioners, &c., 95 Ky., 196; Potter's Dwarris on Statutes, 207, 204; Endlich Interpretation of Statutes, secs. 295, 436.

3. Certification necessary for assessment for local purposes.

Century Dictionary, the word "Assess;" Kentucky Statutes, sec. 4084; Stone v. City of Louisville, 57 S. W., 628.

4. Court decisions superior to the doctrine of "practical construction." Am. & Eng. Ency. of Law, vol. 23 (1st ed.) 340; Harris v. Com., 83 Ky., 163.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—AFFIRMING.

A number of the appellants instituted separate actions in the Franklin circuit court against the appellees seeking to enjoin the appellees from certifying to various counties, towns and taxing districts for collection a franchise tax assessed or to be assessed against various railroads. The grounds upon which the injunction was sought were, in substance, that it was illegal to certify any franchise tax as due from appellants to the counties etc., aforesaid. The several suits were consolidated and heard together, and upon final hearing the court dismissed the action and refused to grant the injunction prayed for, and from that judgment appellants have appealed to this court.

It appears from the record that for a few years after the adoption of the Constitution of 1891, and the enactment of the law requiring railroads to pay a franchise tax, the State board of valuation and assessment, which has all the time been composed of the auditor, secretary of State and treasurer, made no valuation or assessment of such franchise; but commencing with the year 1896 the said board required the reports mentioned in the statute to be made, and proceeded to value as prescribed by law the franchise of the several railroads. Those reports seem to have been made, perhaps, in different years; but all may be said to cover the franchise upon which taxes should be assessed and collected, commencing with the year 1896. The assessment, however, was not made until perhaps as late as 1898 as to some, if not all, of the roads. After the value of the franchise was found by said board, after consideration of the

reports made, the tax due the State was duly assessed and paid by the roads; but no assessment or certification of the value of the franchise was certified to any county, city or taxing district. In 1900 county attorneys of various counties applied to the present board of valuation and assessment, and demanded that they certify to the several counties the amount of the franchise due from the roads aforesaid to the several counties, towns, etc. Notice of this application was duly given to the various roads, and they appeared and resisted the motion. The board determined to make the assessment and certification asked for. Afterwards the roads moved for a rehearing, and sought to have the decision of the board set aside, which motion, after due argument and consideration, was overruled, and the board decided to certify the amount due as aforesaid. Thereupon these actions were instituted as aforesaid to enjoin the board from so doing. The appellees answered, and set up their defense, which, in brief, may be said to be that the Constitution and statute law made it their duty to certify as requested by the attorneys of the various counties, etc. After an extended hearing in the circuit court, it adjudged in favor of the action of the appellees.

This appeal has been extensively and ably argued and briefed by both sides. The chief grounds relied on for reversal may be stated to be, first, that it was the duty of the railroad commission to make the assessment, and that the appellees had no right to value and assess the franchise tax. The second contention involves substantially the same contention as the first named. The third contention is that under the present system the franchise amounts 'to double taxation. The fourth contention is that under section 4081, Kentucky Statutes, the value of the tangible property in the several counties, etc., through which the roads

run, should be deducted from the franchise found for certification for such counties,—in other words, that the value of such tangible property should be deducted twice before the certification of any franchise value to the counties. The fifth contention is that the predecessors of the present board assessed the franchise tax for the years 1896 to 1899, inclusive, and decided that there was no franchise tax to be certified. These contentions are taken from the brief filed by Shelby, Hazelrigg and Chenault. The contentions of other counsel in other briefs cover substantially the same ground, including the claim that the mode of taxation is in violation of the fourteenth amendment of the federal Constitution, and it is also claimed for the Illinois Central Railroad that it did not become the owner of all its present lines until September, 1897.

As before intimated, the value of the franchise of the several roads was fixed by the board of valuation, composed of Auditor Stone, Secretary of State Finley, and Treasurer G. W. Long, in 189-, upon which the State tax was paid as aforesaid. The present board took the valuation of the franchise as found by said Stone, etc., as the true value of the franchise, and was about to certify or had certified to the various counties the tax due said counties, based upon that valuation so found by Stone, etc., and to prevent such certification this suit was brought as before stated.

The first contention of appellants, to-wit, that the railroad commission is authorized to value the franchises as well as the tangible property, is wholly untenable. The statute in regard to its duties and the statute in regard to the duties of the board of valuation and assessment are so clearly and distinctly specified that it seems clear to us that the only duty imposed upon the commissioners is to value the tangible property. The duty imposed upon the board

of valuation and assessment is to value the franchise, or, in other words, reach and determine in the manner prescribed by statute the value of such franchise, and from that deduct the valuation of the tangible property as found by the commissioners. The constitutionality of the act in question has been repeatedly sustained by this court. It was before the court in Henderson Bridge Co. v. Com., decided May 5, 1895, and reported in 99 Ky., 623 (17 R,. 389) 31 S. W., 486, 29 L. R. A., 73, which case was appealed to the supreme court of the United States, and was affirmed in 166 U. S., 150, 17 Sup. Ct., 532, 41 L. Ed., 953. It is proper, however, to say that this was not a controversy between a railroad and the Commonwealth, and the constitutionality of the franchise tax was not the issue presented to the supreme court for decision, but the supreme court incidentally referred to a franchise tax with approval, or at least without any intimation that it was either invalid or unjust; and it will be seen, from section 4077, Kentucky Statutes, that bridge companies are included in the same section with railroad companies, which are made subject to the franchise tax in controversy. The constitutionality of the act in question has also been sustained by this court in the following cases: Paducah St. R. Co. v. McCracken Co. (20 R., 1294) (49 S. W., 178); South Covington & C. St. R. Co. v. Town of Bellevue (20 R., 1184); (49 S. W., 231); Louisville R. Co. v. Com. (20 R., 1509) (49 S. W., 486); Louisville & J. Ferry Co. v. Com., 108 Ky., 717 (22 R., 446) (57 S. W., 624); Bridge Co. v. Negley, 23 R., 746, 63 S. W., 989. We therefore conclude that the validity of the franchise statute has been conclusively settled, and it is therefore unnecessary to enter in a discussion of that question. It being constitutional, it necessarily follows that the railroad commissioners could not lawfully value and assess the franchise

of any railroad company. The foregoing also disposes of the second contention of the appellants.

There is some evidence introduced by appellants attempting to show by one of the commissioners that they did take into consideration the value of the franchise, but we are not inclined to the opinion that the testimony sufficiently shows that the commissioners did in fact fix any larger value upon the roads than if they had not thought of the franchise. But be this as it may, the appellants are not injured thereby, because the entire valuation of the commissioners was deducted from the valuation made by the board of assessment and valuation in order to ascertain the value of the franchise, so that, if it was included in the commissioners' report, it was again deducted by the board of valuation. Hence the appellants sustained no injury by the error of the commissioners, for it must be remembered that the present board of valuation and assessment simply took the value as found by their predecessors in office. The foregoing remarks dispose of the third contention.

The fourth contention seems to be that the present board of valuation is bound by the action of its predecessor, and also that section 4081 of the statute provides that, after the board has found the value of the franchise as provided in sections 4077-4079, they shall again deduct from it the value of all tangible property in each county, city or taxing district, before certifying anything to such county, etc., and only certify the remainder, if any. It is not seriously contended but what such construction requires a double deduction of the tangible property, but it is urged for appellants that the statute so reads, and that we must be bound thereby. It is, no doubt, true that courts are to be bound by the plain letter of the statute, unless, taking

the whole law in regard to the subject into consideration, such a part would be absurd, or manifestly fail to express the intent and meaning of the law relating to the entire subject. Sections 4077-4081 read as follows:

"Sec. 4077. Every railway company or corporation, and every incorporated bank, trust company, guarantee or security company, gas. company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace-car company, dining car company, sleeping car company, chair-car company, and every like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons or performing any public service, shall, in addition to other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised. The auditor, treasurer and secretary of State are hereby constituted a board of valuation and assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section four thousand and ninety-five of this article, the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the board of valuation and assessment, and for the discharge of such other duties as may be imposed on them by this act. The auditor shall be chairman of said board, and shall convene the same from time to time, as the business of the board may require

"Sec. 4078.   In order to determine the value of the fran-
chises mentioned in the next preceding section, the corpor-
ations, companies and associations mentioned in the next
preceding section, except banks and trust companies whose
statements shall be filed as hereinafter required by sec-
tion four thousand and ninety-two of this article, shall
annually, between the fifteenth day of September and the
first day of October, make and deliver to the auditor of pub-
lic accounts of this State a statement, verified by its pres-
ident, cashier, secretary, treasurer, manager or other chief
officer or agent, in such form as the auditor may prescribe,
showing the following facts, viz.:   The name and principal
place of business of the corporation, company or associa-
tion; the kind of business engaged in; the amount
of capital stock, preferred and common; the number
of shares of each; the amount of stock paid up;
the par and real value thereof; the highest price at which
such stock sold at a bona fide sale within twelve months
next before the fifteenth day of September of the year in
which the statement is required to be made; the amount of
surplus fund and undivided profits, and the value of all
other assets; the total amount of indebtedness as principal;
the total amount of gross or net earnings or income, in-
cluding interest on investments, and incomes from all other
sources for twelve months next preceding the fifteenth day
of September of the year in which the statement is required;
the amount and kind of tangible property in this State, and
where situated, assessed, or liable to assessment in this
State, and the fair cash value thereof, estimated at the
price it would bring at a fair voluntary sale, and such other
facts as the auditor may require.

"Sec. 4079.   Where the line or lines of any such corpor-
ation, company or association extend beyond the limits of

the State or county, the statement shall, in addition to
the other facts hereinbefore required, show the length of
the entire lines operated, owned, leased, or controlled in
this State, and in each county, incorporated city, town or
taxing district, and the entire line operated, controlled,
leased or owned elsewhere.   If the corporation, company
or association be organized under the laws of any other
State or government, or organized and incorporated in this
State but operating and conducting its business in other
States as well as in this State, the statement shall show
the following facts, in addition to the facts hereinbefore re-
quired, the gross and net income or earnings received in
this State and out of this State, on business done in this
State, and the entire gross receipts of the corporation,
company or association in this State and elsewhere during
the twelve months next before the fifteenth day of Sep-
tember of the year in which the assessment is required to
be made.   In cases where any of the facts above required
are impossible to be answered correctly, or will not afford
any valuable information in determining the value of the
franchises to be taxed, the said board may excuse the officer
from answering such questions: Provided, that said board,
from said statement, and from such other evidence, as it
may have, if such corporation, company or association be
organized under the laws of this State, shall fix the value
of the capital stock of the corporation, company or associa-
tion, as provided in the next succeeding section, and from
the amount thus fixed shall deduct the assessed value of
all tangible property assessed in this State, or in the coun-
ties where situated.   The remainder thus found shall be the
value of its corporate franchise subject to taxation as afore-
said.

"Sec. 4080.   If the corporation, company or association

be organized under the laws of any other State or government, except as provided in the next section, the board shall fix the value of the capital stock as hereinbefore provided, and will determine from the amount of the gross receipts of such corporation, company or association in this State and elsewhere, the proportion which the gross receipts of this State, within twelve months next before the fifteenth day of September of the year in which the assessment was made, bear to the entire gross receipts of the company; the same proportion of the value of the entire capital stock, less the assessed value of the tangible property assessed, or liable to assessment, in this State, shall be the correct value of the corporate franchise of such corporation, company or association for taxation in this State.

"Sec. 4081. If the corporation organized under the laws of this State or some other State or government be a railroad, telegraph, telephone, express, sleeping, dining, palace or chair car company, the lines of which extend beyond the limits of this State, the said board will fix the value of the capital stock at hereinbefore provided, and that proportion of the value of the capital stock which the length of the lines operated, owned, leased or controlled in this State bears to the total length of the lines owned, leased or controlled in this State and elsewhere shall be considered in fixing the value of the corporate franchise of such corporation liable for taxation in this State; and such corporate franchise shall be liable to taxation in each county, incorporated city, town or district, through or into which such lines pass, or are operated, in the same proportion that the length of the line in such county, city, town or district bears to the whole length of lines in the State, less the value of any tangible property assessed or liable to assessment, in any such county, city, town or taxing district."

Section 174 of the present Constitution reads as follows:

"All property, whether owned by natural persons or corporations, shall be taxed in proportion to its value unless exempted by this Constitution; and all corporate property shall pay the same rate of taxation paid by individual property. Nothing in this Constitution shall be construed to prevent the General Assembly from providing for taxation based on income, licenses or franchises."

It is provided in section 171 of the Constitution that:

"Taxes shall be levied for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

Section 182 reads as follows:

"Nothing in this Constitution shall be construed to prevent the General Assembly from providing by law how railroad and railroad property shall be assessed and how taxes thereon shall be collected. And until otherwise provided, the present law on said subject shall remain in force."

It will thus be seen that section 4077 expressly provides that railroad companies shall in addition to the other taxes imposed on them by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchises may be exercised. And the other sections provide rules and regulations for ascertaining the value of the franchise. The closing part of the section 4079 provides that, after subtracting the value of the tangible property, the remainder shall be subject to taxation as aforesaid.

It will be seen from section 4081 that certain rules are enacted for the ascertainment of the franchise value of railroads, telegraphs, etc., and then requires certain things to be done or considered in fixing the value of the corporate

franchise of such corporation liable for taxation in this State, and such corporate franchise shall be liable to taxation in each county, etc., through or into which such lines pass or are operated, in the same proportion that the length of the line in such county, city, town or district bears to the whole length of lines in the State, less the value of any tangible property assessed, or liable to assessment, in any such county, city, town or taxing district. This section is not really in conflict when fairly considered with the other sections. The reference to the deduction of the tangible property is evidently inserted in the section to guard against any claim or assumption that no deduction should at any time be made from the value so found of the entire property of the road in consequence of the tangible property of the road. It is but equivalent to saying that the value of the tangible property in such county, etc., should be deducted as provided in preceding sections. It is perfectly manifest that we must take into consideration the entire article bearing on the subject of valuing the franchise of such corporations, and to deduct the value of the tangible property twice in regard to counties, etc., would be unreasonable and in direct conflict with section 4077 as well as the Constitution heretofore referred to. In addition, it may be remarked that if the latter part of section 4081 was susceptible of the construction placed upon it by appellants it would be in conflict with the Constitution, and therefore void; and if it could be rejected without at all impairing the residue of that or any other sections, but in fact tend to harmonize all of them, it would be the duty of the court to hold it null and void. Some comment has been made in regard to the apportionment of the taxes in proportion to the length of the road or line in the county. It is, however, manifest that the in-

tention of the Legislature was that the franchise tax should
be certified to the subdivisions aforesaid in proportion to
the mileage without any regard to any other question, and
such a rule is manifestly equitable. For while it is true
that the tangible property of the road differs in condition,
yet the franchise does not. For instance, taking the tangi-
ble property of the road in Frankfort, and a distance of 10
miles of the track toward Louisville, the total value of the
tangible property would be worth much more than 10 miles
of the tangible property further on. But the franchise of
the last-named 10 miles is worth as much as the franchise
of the first-named 10 miles, because the whole of the
track is necessary to make the franchise of any appre-
ciable value; hence it follows that the manner of certifying
the value of the franchise as required by the statute is
just and reasonable.

It is also further contended for appellants that the pres-
ent board of valuation had no right to make a retrospective
assessment of their franchises. This contention is not ten-
able. The reverse has been repeatedly decided by this court
in the following cases, as well as others not necessary to
quote: Levi v. City of Louisville, 97 Ky., 394, 16 R., 87, 30 S.
W., 973, 28 L. R. A., 480; Louisville & J. Ferry Co. v. Com-
(108 Ky., 717) (22 R., 446) (57 S. W., 624); Stone v. City of
Louisville, 22 R., 423 (57 S. W., 627). Many other cases
might be cited to the same effect, and besides these deci-
sions in support of appellees' contention, it will be seen
that section 4077 of the statute, supra, provides that the
chairman of the board shall convene the same from time
to time as the business of the board shall require. Even
if it be conceded that the old board agreed or stipulated
with the appellants that they should not pay any franchise
tax to the local authorities, still such agreement is null

and void. It was held in City of Louisville v. Louisville R. Co., 111 Ky., 1, 23 R., 390 (63 S. W., 14), by this court, that the city council of Louisville could not release a street railway company from taxes due the city. Much less could the board of valuation and assessment release appellants from local taxation of the value of their franchise. It is perfectly obvious that the matter in controversy here is not really an assessment in the common acceptation of the term, but it is simply making a certification which the former board neglected to do, and never attempted to do. If the old board had in fact apportioned and certified to the various taxing districts the franchise subject therein to taxation, a different question would have been presented; but in this case they left part of their work undone, and the action of the present board taken, or supposed to have been taken, is merely taking up and completing the unfinished work of its predecessor. It may be true that, in the opinion of the old board, there was nothing to certify. In fact, it appears from this record that, under the advice of an able attorney at law from a sister State, they reached the conclusion that the tangible property, as regards the county, etc., should be taken from the value of the franchise due to each county. In other words, that, so far as the minor subdivisions of the State are concerned, the value of the tangible property should be subtracted twice, but as to the State only once. The franchise tax not having been in force many years, and the old board not being in the active practice of law, it is not surprising that they erred in the construction of the section in question; and the nonresident attorney, not being familiar with the Kentucky law and statute, seems to have fallen into the error first. No blame attaches to either of them. It is not surprising that the attorneys for the various counties and

taxing districts, finding that a franchise tax was collected
for the State, and presumably knowing that the counties
and towns were also entitled to a franchise tax, would go
before the board of valuation and assessment and demand a
certification as provided by law, which, as we have seen,
was, upon proper notice, to appellants, discussed and de-
cided in accordance with the contention of the county at-
torneys aforesaid.

It is claimed on behalf of the appellant Illinois Central
Railroad that, as it did not get possession of the entire
lines until some time in 1897, no franchise tax should be
assessed against it prior thereto. The record, however,
discloses the fact that it made reports to Auditor Stone,
and upon these reports he fixed the value of its franchise,
commencing with the year 1896, up to the same time the
other assessments were made. We are therefore of the
opinion that as they recognized themselves as owners of
the line at that time, and made their reports and paid taxes
to the State, it is now too late to raise that question. We
are not inclined to hold that appellants necessarily bound
themselves to pay the county franchise tax simply because
they paid the State a franchise tax. Neither have they
any right to complain of the delay in enforcing the local
taxes. They have simply had the use of the money with-
out interest during these many years.

It is, however, argued for appellants that, as to tele-
graph and telephone lines, the former board made the sec-
ond deduction of the tangible value of such companies when
certifying to the local authorities. We fail to see that
such a mistake would make valid and binding a still great-
er one in respect to the appellants. The effort now of the
board is to enforce the law alike upon all the corporations
named in the act in question. Evidently the local prop-

erty of telephone and telegraph lines in the several coun-
ties amounts to a very small sum—too small to have at-
tracted much attention at the time.   At least, such is the
reasonable presumption, and it may be remarked that such
second deduction was the result of the effort of the appel-
lants to escape this very taxation now in question.   The
record shows that the old board fixed a low valuation on
the franchise in question.   No person, either natural or
artificial, ought to be required to pay any tax not required
by law.   Neither should their property, whether tangible
or intangible, be assessed at more than its value as pro-
vided by law.   All persons should pay their taxes upon all
property which the law makes subject to taxation.   It
will not be contended that even the national government
could exist without collecting taxes.   Taxes are bound
to be collected to defray the various expenses incident to
the government.   Our State government can not exist
without taxes.   It would be without means to effectively
protect life, liberty and property.   The various counties
and towns must necessarily collect local taxes within their
jurisdiction, in order that their local government can be
in condition to offer protection to the people and property
thereof as the law requires them to do.   The governments
of the State and counties and cities are all necessary for
the protection of these appellants, as well as for the pro-
tection of all other citizens.   It therefore follows that it is
the duty of all persons to pay such taxes as may be legally
imposed, and the collection of such taxes should not be con-
sidered as harsh or oppressive.

The court below, upon final hearing, adjudged as follows:
"The court, being advised, adjudges that the plaintiffs are
not entitled to any relief; and each of the petitions is dis-
missed, with judgment for defendants' costs, to which the

plaintiffs except, and each of them pray an appeal to the court of appeals, which is granted." The judgment is now affirmed. ·

Whole court sitting.

Judges DuRelle and Burnam dissenting.

Petition for rehearing by appellant overruled.