City of Covington *v*. Jesse Wilcox's Exr.

[Abstract Kentucky Law Reporter, Vol. 5—778.]

**Assessment for Taxation.**

While it is the duty of a citizen to list his property for taxation, the tax can not be said to become due before the property is assessed; and no suit can be brought to collect such taxes until they shall have become due and unpaid for six months.

APPEAL FROM KENTON CIRCUIT COURT.

March 1, 1884.

Opinion by Judge Pryor:

The assessments in this case were not made until August, 1872, and the suit instituted within the six months. The property had for some reason been omitted from taxation, and there was no legal liability that could be enforced until the assessment had been made.

While it may have been the duty of the citizen to list his property for taxation the tax can not in a legal sense be said to have become due before the property was assessed. The amended charter of the City of Covington expressly provides that no suit shall be brought until the taxes shall have been due and unpaid for more than six months. This court, in the *City of Covington v. Peoples' Bldg. Assn.,* 11 Ky. Opin. 731, 4 Ky. L. 258, construed the section of the amended charter as to the power of the chancellor and the jurisdiction conferred by the act. The tax not having been due and unpaid for more than six months, and it being conceded that the suit was brought within that time, the judgment below must be affirmed. The remedy for collecting taxes must be followed as provided by the statute, and that remedy being ample and complete without resort to a suit in equity the court acted properly in dismissing the petition, and if not ample the statute regulating the time that must expire before suit is brought must control.

Judgment *affirmed*.

*T. F. Hallam,* for appellant.

*Collins & Fenley,* for appellee.

[Cited, *Illinois Cent. R. Co. v. Commonwealth,* 128 Ky. 268, 32 Ky. L. 1112, 33 Ky. L. 326, 108 S. W. 245, 110 S. W. 265.]

