Case 43—PETITION ORDINARY—January 27.

# City of Louisville v. Johnson.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Suit for Taxes—Limitation.—Although under the act of May, 1884, amending the tax laws of the city of Louisville, the right of the city to sue for taxes does not accrue until the first day of May of the second year after the assessment, yet limitation as to such a suit begins to run from the time the taxes are distrainable, and the right of action is barred after five years from that time. The right to sue is merely an additional remedy in aid of the ordinary remedies for the collection of taxes, and the fact that the right to this remedy is postponed does not prolong the period of limitation.

2. Same.—The failure of the ministerial officer to enforce the remedies given him does not affect the right of the city to sue.

3. Same—Burden of Showing Defects in Tax Bill.—Under the provisions of the act, the tax bill authenticated by the signature of the assessor, or a *fac simile* thereof, is *prima facie* evidence of the liability, and places the burden on the defense of showing the defects, if any. The defendant may, however, by a plea denying that the assessor ever signed such a bill, place upon the city the burden of showing that it was signed by the assessor.

LAF. JOSEPH for appellant.

1. Considering all the provisions of the act of 1884, the right of action accrues on the first of May, the second year after the assessment, when, for the first time, the bills are reported to the city attorney for suits to be brought on them. (Sessions Acts, 1883–84, vol. 2, p. 1260, *et seq.;* Gay v. City of Louisville, 14 Ky. Law Rep., 327; Gen. Stats., p. 891; Wood on Limitation, 336, 1st ed.; Boswell on Limitations and Adverse Possession, pp. 37–8.)

2. As the Legislature has provided that the tax bills which are stamped and authenticated by the assessor as original tax bills shall be *prima facie* evidence that all the steps required by the statute have been taken, this shifts the burden and places it upon the defendant in the tax suit. (State *ex rel* Collector of Franklin Co. v. Rau, 93 Mo., 126; s. c., 5 S. W. Rep., 697; Auditor Gen. v. Maier, 54 N. W. Rep., 640; Ecton v. City of Louisville, 14 Ky. Law Rep.; Cooley on Taxation, p. 297; State *ex rel* Stuart v. Maloney, 20 S. W. Rep., 1064.)

LANE & BURNETT for appellees.

1. The city of Louisville has the right to collect by suit any tax owing to

City of Louisville v. Johnson.

it as soon as the tax is due. (Sec. 8 of art. 2, Act of May 12, 1884, Sess. Acts, 1883–4, vol. 2, p. 1271; sec. 7 of Act April 8, 1882, 2 Sess. Acts, 1881–2, p. 343; sec. 2 of art. 4, Act May 12, 1884, 2 Sess. Acts, 1883–4, p. 1274; *Idem*, secs. 3, 6, 7, pp. 1274, 1278; *Idem*, sec. 3 of art. 5, p. 1282.)

2. The limitation is computed from the time the cause of action accrues, let the remedy be what it may for its enforcement. It is the nature of the right sought to be enforced and not the method of procedure that furnishes the test as to whether the statute of limitation applies. The distinction between the cause of action and the remedy for its enforcement must be kept in view. (Civil Code, sec 90; Veida v. Baker, 83 N. Y., 160; Slaughter v. City of Louisville, 89 Ky., 112; Louisville v. Cochran, 82 Ky., 33; Pomeroy on Remedies and Remedial Rights, sec. 519; Auditor v. Halbert, 1 Ky. Law Rep., 253; Childs v. Harrison, 1 Litt., 151; Johnson v. City of Louisville, 11 Bush, 527; Vaugh v. Burghard, MS. Op., Oct., 1875; Ormsby v. City of Louisville, 79 Ky., 204; Louisville Water Co. v. Commonwealth, 89 Ky., 244; L. & N. R. Co. v. Commonwealth, 1 Bush, 261; McCracken County v. Mercantile Trust Co., 84 Ky., 344.)

3. The tax bill does not become *prima facie* evidence until it is shown that it is properly authenticated, that fact being denied. (Welsh v. Sackett, 12 Wis., 357; Ins. Co. v. Weide, 11 Wall, 441; King v. Burdett, 4 B. & A., 161; Suediker v. Everingham, 3 Dutcher (N. J.), 153; Pennington v. Yell, 6 English (Ark.), 235; Richmond v. Aikers, 25 Vt., 326; Tasmer v. Hughes, 53 Pa. St., 289; McAteer v. McMurray, 58 Pa., 126; Morris v. Indianapolis, &c., R. Co., 10 Ill. App., 395; Johnson v. Ferrell, 8 Ky. Law Rep., 218; Babbitt v. Woolley, 3 Bush, 703; Stephens v. Guthrie, 4 Bush, 462; Dumesnil v. City of Louisville, 2 Ky. Law Rep., 431; Kendall v. Thomasson, 2 Ky. Law Rep., 422; Covington v. The People, 4 Ky. Law Rep., 258; McDonald v: Covington, 5 Ky. Law Rep., 615; Daubee v. City of Louisville, 5 Ky. Law Rep., 865; Reamer v. City of Louisville, 6 Ky. Law Rep., 748; Shanks v. Stevens, 6 Ky. Law Rep., 525; Newport v. Newport, 7 Ky. Law Rep., 165.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The assessment of the appellee's property was made, as provided by the charter of the city, as of the 1st of September, 1884, for the taxes for the year 1885. The levy ordinance was passed also, as required by the charter, in the month of December, 1884, for the taxes of the succeeding year, 1885. The charter also allows a discount

on the taxes if paid in the months of January, February, and March, and all taxes not paid by the 1st of May become a debt. If the taxes due are not paid by the 20th of August of the year they are due, summary process will be used or taken against the delinquent by distraint or garnishment, to be levied on the goods and chattels of the delinquent taxpayer.

Section 7 of the charter relating to this subject provides "that on the 1st of May of the second year after the assessment of city taxes, the receiver shall make out a list of the bills, still wholly or partially unpaid, on lands or improvements, and furnish the list to the city attorney, whose duty it shall be to bring, without delay, suits for the recovery thereof in the Louisville Chancery Court," etc. The act further authorizes a personal judgment.

It seems that the city, through its receiver, failed to collect the taxes due by the appellee in the ordinary mode, and having reported the appellee as delinquent, the attorney for the city filed this petition on the 16th of March, 1891, to subject the real estate of the defendant, and for personal judgment.

The statute of five years was interposed as a bar to the recovery. The taxes were due on the 1st of May, 1885, and could have been collected under a warrant by the receiver under which the goods and chattels of the taxpayer, if he had any, were liable to seizure and sale. The section of the act making the tax a debt provides that it may be enforced by all the remedies known to the law, as in cases of contract, in any court of the Commonwealth, otherwise competent for that purpose, " aside . . . from the other remedies hereinafter given." The proceeding by action in equity is given in addition to the

ministerial remedies provided by law, and where one fails the other remedy may be looked to.

It is argued by counsel for the appellee that at any time after the tax becomes due, the action in equity to enforce the lien may be resorted to. In this we do not concur. It could not have been intended by the framers of this statute that the doors of the courts should be thrown open and courts of equity made tax collectors in lieu of the regular ministerial or executive officers, and it is only when the remedies given the collector fail that a court of equity can be resorted to, and the statute should be followed in this regard. Nor can the failure of the ministerial officer to enforce the remedies given him affect the right of the city to sue, for after the expiration of the time given him to coerce payment, a failure on his part to collect will authorize the maintenance of the action in equity.

Counsel for the city has attempted to classify the property of the taxpayer in order to maintain his position, the result of which is to give the owner of real estate a longer time in which to pay his taxes than the owner of personal estate. The taxes on real and personal estate are due at the same time, and if limitation applies to the personalty, it also applies to the realty. The fact that an additional remedy is given the city in the event the taxpayer fails to pay the taxes on his realty does not prolong the statute. Near six years had elapsed after the tax of 1885 was due, and the city had four years in which to adopt this additional remedy. This is ample time in which to begin an action, and the tardiness of tax officials in the performance of their duties often involves innocent purchasers in litigation. And while it can not affect

the present appellee, it is a precedent that ought not to be established—that of making the time for the collection of tax on real estate greater than for its collection on personalty. The right of action exists when the summary process is allowed to go; and to have a limitation as to the collection of tax on one species of property different from that on another and distinct species, was never contemplated by the statute.

While the construction of these tax provisions is not free from difficulty, the law is made to harmonize by making the statute run from the time the tax can be coerced; and this rule should be applied to both real and personal estate.

The action in equity is at best an exceptional remedy, and was enacted to enable the city to reach the taxpayer in a particular way, when the original mode of collecting by summary proceedings failed. It is analogous to a proceeding where an execution from an inferior court can not reach the real estate of the debtor, but execution may issue, upon proper steps being taken, from a clerk's office of a court having jurisdiction, and may be then levied on the realty; or to an action in equity to enforce a judgment upon a return of *no property.* The legal remedy having been exhausted, the aid of a court of equity is given. In neither of the cases cited will it be insisted that the latter remedy, in aid of the first, prevents the running of the statute.

This charter authorizes the receiver, where there is no personalty, to garnishee the tenant if he is owing rents for the realty, and where the receiver fails to collect, a court of equity is invoked to aid in coercing the money from the taxpayer. Such proceedings are only in aid of the

original and familiar remedies for the collection of taxes, and the statute begins to run when the receiver is authorized to enforce the demand. Counsel for the city has confounded the cause of action, or rather the duty to be performed, with the remedy to enforce it in his endeavor to avoid the operation of the statute. A cause of action, says Mr. Pomeroy, accrues when there is a right in the plaintiff and a duty on the defendant responsive to the right . . . or a failure by the defendant to perform that duty without any regard as to whether the subject matter relates to person, character, property, or contract. (Section 519, Pomeroy on Rights and Remedies.)

The right to collect these taxes by distraint existed in August, 1885, and there is a plain difference between the right to be enforced and the remedies for enforcing the right. If there had been no provision authorizing a suit in equity, there could have been no question but what the statute of limitations would bar the recovery, and for the reason that the right to demand the taxes existed, and upon the refusal to pay, coercive measures by warrant were authorized, and the fact the Legislature saw proper to give other and more effective *remedies*, did not stop the running of the statute; in fact, the section under which the appellant brought this suit authorizes a personal judgment, showing plainly the framers of the act were providing a remedy and not an original right to demand and collect the taxes. It is true that property may be subjected that could not be levied on by a distress warrant to satisfy the demand, but this being in aid of the original remedy for enforcing the right leaves it, so far as the statute of limitations is concerned, as if no such remedy had been provided. This construction of the charter

harmonizes its provisions by making the statute run from the time summary process could issue, and not from the time suit is brought, or the receiver exhausted his powers with the remedies afforded him.

Another question has been suggested that arises from an amendment of section 8 of article 2 in relation to the tax bill. It provides: " Each bill shall be authenticated by the assessor by his signature or a stamp *fac simile* thereof, and when so authenticated, it shall be *prima facie* proof that all steps have been taken to make it a binding tax bill, for the amounts and purposes, and against the property therein named," etc.

We perceive no reason why such a tax bill may not be *prima facie* evidence of the liability, and place the burden on the defense of showing its defects, if any. It is true the burden of showing that it was signed by the assessor might be placed upon the city by a plea denying that he ever signed such a bill, but admitting its genuineness, other defects showing it to be invalid must come from the defense. (Cooley on Taxation, 297.)

We must affirm the judgment below.

In this case on a petition for a modification of the opinion explanatory of its meaning, it is plain the statute begins to run on the 20th of August of each year; then for the first time coercive measures may be resorted to.