CASE 38—ACTION FOR FRANCHISE TAX—MARCH 25.

# Central Railway and Bridge Co., Etc. v. Commonwealth.
## Same v. Same.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. ACTION FOR TAXES.—Under section 4171 of the Kentucky Statutes an action may be maintained for franchise taxes payable directly into the State treasury.
2. SAME—PENALTY.—In the absence of any claim of error in the assessment, or tender of taxes due upon an assessment which had been reduced on the appellant's motion, the lower court did not err in rendering judgment for the statutory penalty.

C. J. AND W. W. HELM FOR APPELLANT.

1. Without express legislative authority, a suit can not be maintained by the Commonwealth to recover taxes.  Baldwin v. Hewitt, Auditor, 88 Ky., 673; Louisville Water Co. v. Com., 89 Ky., 244; Same v. Same, 18 Ky. Law Rep., 2.
2. There is no statute authorizing a suit by the Commonwealth to recover franchise taxes.  Genl. Stats., Edition of 1887, Revenue and Taxation; Ky. Stats.,—Revenue and Taxation; acts 1889-90, vol. 1, p. 149; Louisville Water Co. v. Com., 18 Ky. Law Rep., 2.
3. Penalties for non-payment of taxes should not be adjudged when the original assessment was erroneous, and a new or corrected assessment was made, pending the suit.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

On jurisdiction:  Ky. Stats., secs. 4182, 4171, 4091.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The opinion delivered in February 15, 1899, is withdrawn.

By these actions the Commonwealth of Kentucky seeks to recover from the appellant, Central Railway & Bridge

Company, the amount of taxes due on its franchise for the years of 1896 and 1897.

The principal question for review on these appeals is as to the right of the Commonwealth to maintain an action to recover the taxes. In other words, is there any law authorizing the maintenance of such an action? It has been adjudged in Baldwin v. Hewitt, Auditor, 88 Ky., 678 [11 S. W., 803], and Louisville Water Co. v. The Commonwealth of Kentucky, 89 Ky., 244, [12 S. W., 300], that, in the absence of express legislative authority, taxes can not be recovered by suit.

Section 4182, Kentucky Statutes, does not aid any in determining whether or not there is any law authorizing these actions to be brought. That section simply confers upon the Franklin circuit court jurisdiction of such actions as are authorized by law to be brought to enforce the collection of taxes.

If the right to maintain the actions exists, it is under section 4171, Kentucky Statutes, which reads as follows: "Suits and motions against sheriffs, clerks, or against them and their securities on their official bond, or their heirs, devisees or representatives, and all other persons required to pay money into the State Treasury or to do any other act required by law to be done connected with the payment of money into the State Treasury after it has been collected, may be instituted in the Franklin Circuit Court, and prosecuted as prescribed by law."

The title to the article in which the foregoing section appears is as follows: "Collection of taxes and other public money by action." For the purpose of this inquiry the title may be read as follows: "Collection of taxes—— by action." That part of the section which is relied upon for authority to maintain these actions, reads as follows:

"Suits——against——all other persons required to pay money into the State Treasury,——may be instituted in the Franklin Circuit Court, and prosecuted as prescribed by law." The title of the article indicates the purpose the Legislature had in view in enacting section 4171, Kentucky Statutes. We conclude that the actions can be maintained under section 4171, Kentucky Statutes, as under section 4086, Id., taxes imposed on franchises are made payable directly to the treasurer of the State by the corporation. It does not appear in this record that the appellant refused to pay its taxes because of any error in the assessment. No such defense was made. Upon motion of the plaintiff, the assessed value of the appellant's franchise was reduced. Its default in the payment of taxes does not appear to have resulted from an error in the assessment; nor that it ever endeavored to have such error corrected and was refused; nor did it tender the tax on the value of the franchise as fixed by the corrected assessment. The court did not err in adjudging the penalty imposed by the statute. The judgment is affirmed.