CASE 25.—ACTION BY THE COMMONWEALTH AGAINST THE
CHESAPEAKE, OHIO & SOUTHWESTERN R. R. CO.
AND THE ILLINOIS CENTRAL R. R. CO. TO RE-
COVER A FRANCHISE TAX.—February 27.

## Illinois Cent. R. R. Co. v. Commonwealth

Appeal from Franklin Circuit Court.

R. L. Stout, Circuit Judge.

Judgment for plaintiff, defendant Illinois Central
Railroad Company appeals—Affirmed.

1. Taxation — Railroads — Franchise—Assessment — Review—Es-
toppel to Dispute Liability.—Where a railroad corporation
reported the value of a certain line of road to the auditor
for a certain year, and upon the report the value of its
franchise was fixed, it cannot complain that it was not the
owner of the line at that time, so as to defeat the payment
of the tax.

2. Same—Assessment — Conclusiveness.—Where the assessment
of a franchise tax on a railroad has become final by failure
of the railroad to object and seek a reduction, a member of
the board of valuations and assessment after his term is
out cannot affect its finality by testimony that the board
did not consider the assessment a valid act or final.

3. Same—Levy and Assessment — Agreements Not to Collect.—
An agreement between the State board of valuations and
assessment and a railroad to release the railroad for taxes
for previous years on condition that it pay the taxes for the
particular year is void where the assessment for the pre-
vious years have become final.

4. Same—Collection—Limitation of Action.—Acts 1890 (Laws
1889-90, p. 149, c. 1763) authorizes the State to collect taxes
by suit, but provided that no action shall be instituted or
maintained "under the provisions of this act" upon any claim
for taxes that "might have been assessed" more than five
years before the commencement of the same.  By the act
of 1893 (Laws 1891-92-93, p. 331, c. 103, art. 8, section 3)
a franchise tax on railroads was placed, and that act author-

ized the collection of the tax by action in the Franklin circuit court. The act of 1890 (Laws 1889-90, p. 149, c. 1763) did not confer jurisdiction on the Franklin circuit court, but left the venue of the suit to be that of defendant's residence. Held, that an action in the Franklin circuit court to recover a franchise tax brought more than five years after the tax might have been assessed, though within five years from the time it was actually assessed, was not barred by the limitations provided by the act of 1890, since the limitations in the act of 1890 could not be made applicable to a suit which could not be brought under its provision.

5.  Limitation of Actions — Limitations Applicable — Statutory Causes of Action—Franchise Tax.—Actions brought to recover franchise taxes under the act of 1893 (Laws 1891-92-93, p. 331, c. 103, art. 8, section 3) providing for such taxes and authorizing suits in the Franklin circuit court for their recovery, in the absence of any special limitation in the act, are governed by the general law (Ky. St. section 2915), providing a limitation of five years on liabilities created by statute.

TRABUE, DOOLAN & COX, HAZELRIGG, CHENAULT & HAZELRIGG, and J. M. DICKINSON for appellant.

T. L. EDELEN, C. J. WHITTEMORE and R. B. FRANKLIN for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

This action was filed in the Franklin circuit court on December 5, 1902, by the Commonwealth of Kentucky to recover of the Chesapeake, Ohio & Southwestern Railroad and the Illinois Central Railroad the franchise tax of the Chesapeake, Ohio & Southwestern Railroad Company for the years 1896 and 1897 upon an assessment made on January 20, 1898, of which notice was given on that date and final notice was given on February 21, 1898. The circuit court dismissed the petition as to the taxes for the year 1896, but gave judgment against the Illinois Central

Railroad Company for the tax for the year 1897. From this judgment, the Illinois Central Railroad Company appeals.

The report upon which the tax for the year 1896 was assessed was made on September 15, by John Echols as the general manager of the Chesapeake, Ohio & Southwestern Railroad Co. The report upon which the tax for the year 1897 was assessed was made by the Illinois Central Railroad Company, which had, in some way not explained in the record, come into possession of the railroad. The circuit court dismissed the petition of the Commonwealth as to the taxes for the year 1896, for the reason that it did not appear that the Illinois Central Railroad Company was then in possession of the railroad, and the report for that year was made by the general manager of the Chesapeake, Ohio & Southwestern Railroad Company. It gave judgment against the Illinois Central Railroad Company for the taxes for the year 1897, because that company made the report upon which the assessment was based, and was then in possession of the railroad. In doing this the circuit court followed the opinion of this court in Southern Railway v. Coulter, 113 Ky. 657, 24 Ky. Law Rep. 203, 68 S. W. 873, where the Illinois Central was held liable on this same assessment in a well-considered opinion by this court. The court said: "It is claimed on behalf of the appellant, Illinois Central Railroad Company, that, as it did not get possession of the entire lines until some time in 1897, no franchise tax should be assessed against it prior thereto. The record, however, discloses the fact that it made reports to Auditor Stone, and upon these reports he fixed the value of its franchise, commencing with the year 1896, up to the same time the other assessments

were made.  We are therefore of the opinion that as
they recognized themselves as owners of the line at
that time, and made their reports and paid taxes to
the State, it is now too late to raise that question
We are not inclined to hold that appellants necessarily
bound themselves to pay the county franchise tax
simply because they paid the State a franchise tax
Neither have they any right to complain of the delay
in enforcing the local taxes.  They have simply had
the use of the money without interest during these
many years.''

The defendant introduced on the trial Samuel H
Stone, who was the auditor of the State in the year
1898, and, as such, a member of the board who made
the assessment upon which the suit is based.  He
testified on the trial, which took place in October 6,
1905, in substance that, although the board made the
assessment and sent out notice of it and at the end
of 30 days sent out the final notice of assessment,
they were unwilling to force a conclusion because they
were not sure of their ground; and in the winter of
1899 they had a consultation with the railroads of
the State, and in this consultation in the year 1899
they agreed that the assessment then made against
the Illinois Central Railroad Company should be in
full not only for that year but for the previous years
It also appears from the proof that the assessment
which was made in 1899 was made in this way: The
board took the total capitalization of the Chicago, S'
Louis & New Orleans Railroad, and deducted from
it the tangible property assessed against it, and the
balance was the sum on which the Illinois Central
Railroad Company paid a franchise tax for the year
1899.  But waiving this, the testimony of the assessor
who makes an assessment cannot be received after

his term is out to show that he did not consider his assessment a valid act or final. The board made the assessment in the way that all other assessments were made. It gave notice of the assessment to the rail-road company as required by statute, and at the end of 30 days it gave notice, as provided by the statute, that the assessment had become final. When this had been done, the matter passed beyond the control of the board. A final assessment had been had as provided by law, and, if any injustice was done the tax-payer, it was due entirely to his failure to appear before the board and ask a reduction of the assessment. No reliance could be placed in such proceed-ings if the validity of the record was made to depend upon the secret intentions of the assessing officer. The validity of their actions depends upon what they do, and not upon their undisclosed purposes. When the assessment had become final and the railroad company owed the State the amount of taxes thus fixed, the assessing officers were without authority after-ward to make any agreement with the railroad to the effect that, if the railroad would pay the taxes for 1899, they would forego collecting the taxes for the previous years. This precise question was also presented in the case of Southern Railway in Kentucky v. Coulter, 113 Ky. 676, 24 Ky. Law Rep. 203, 68 S. W. 877. In disposing of it, we there said: "Even if it be conceded that the old board agreed or stipulated with the appellants that they should not pay any franchise tax to the local authorities, still such agreement is null and void. It was held in City of Louisville v. Louisville R. Co., 111 Ky. 1, 23 Ky. Law Rep. 390, 63 S. W. 14, 98 Am. St. Rep. 387, by this court that the city council of Louisville could not release a street railway company from taxes due the

city.   Much less could the board of valuation and assessment release appellants from local taxation of the value of their franchise."

Much is said in the argument as to the hardship of the case; but we fail to see that appellant has any substantial grounds for complaint.   It has escaped the payment of all franchise taxes for the year 1896, and has only been required to pay for one year, instead of two; and, as far as the amount of the assessment goes for the year 1897, it is much less than it has been for the years succeeding 1899.   The personal judgment against the Illinois Central Railroad Company was proper because it was in possession of the property, and made the report upon which the assessment was made.   The question most seriously insisted on is that the action was barred by limitation.   The suit was brought within five years after the assessment was made, but it was not brought within five years after the assessment might have been made by the board.   The board should have made the assessment in the winter of the year 1897, and the action was not brought within five years from that time.   Previous to the passage of the act of 1890 (Laws 1889-90, p. 149, c. 1763), it was well settled that an action to recover taxes did not accrue until the taxes were assessed.   L. & N. R. R. Co. v. Commonwealth, 1 Bush, 250; Covington v. Wilson, 5 Ky. Law Rep. 778; Louisville v. Johnson, 95 Ky. 254, 15 Ky. Law Rep. 615, 24 S. W. 875.   It is insisted, however, that this action is governed by the act of 1890, and that that act changes the rule.   The case of the Louisville Water Co. v. Commonwealth, 89 Ky. 244, 11 Ky. Law Rep. 414, 12 S. W. 300, 6 L. R. A. 69, was decided on October 31, 1899.   It was there held that, in the absence of legislative authority,

taxes cannot be recovered by suit. The Legislature met soon after that opinion became final, and proceeded promptly to pass the act of 1890 to change the rule then laid down. The purpose of the act was to give the Commonwealth a right to collect taxes by suit in those cases where there was no legislative authority for a suit to collect taxes. It authorized actions "to recover all taxes which may heretofore have accrued to the Commonwealth, or which may hereafter accrue and which cannot be collected by the ordinary methods of distraint and sale * * * for the purpose of enforcing the State's lien on property which for any reason cannot be sold, or for the purpose of reaching intangible property which cannot otherwise be reached." The act then concludes with these words: "But no action shall be instituted or maintained under the provisions of this act upon any claim for taxes that have been assessed or might have been assessed more than five years before the commencement of the same." Laws 1889-90, p. 149, c. 1763. It will be observed that the limitation provided by this act only applies to an action "instituted or maintained under the provisions of this act." If this action was not, and could not be, brought under the provisions of the act of 1890, then the limitation provided in that act does not apply here; for, by the express terms of the act, the limitation it prescribes only applies to actions instituted under the act. At the time the act of 1890 was passed the Commonwealth had no adequate means of collecting its taxes from such corporations as the Louisville Water Company, where the ordinary method of distraint and sale was not applicable. To remedy this defect, the act of 1890 was passed. In giving the Commonwealth a right of action which it did not pre-

viously have, the Legislature might annex to the
grant such limitation as it saw fit; but this limitation
would have no effect as to taxes which might be col-
lected by suit under other legislation without regard
to the act of 1890. At the time the act of 1890 was
passed there was no such thing in the State as a
franchise tax. After the adoption of the present
Constitution in 1891, the Legislature by the act of
1893 (Laws 1891-92-93, p. 331, c. 103, art. 8, section
3 provided for a franchise tax, and provided that the
tax should be paid by the corporation into the
treasury, and that, if it was not so paid, an action
might be maintained by the Commonwealth in the
Franklin circuit court against the corporation to col-
lect it. Ky. St. 1903, section 4171; Central Railroad
Co. v. Commonwealth, 106 Ky. 329, 20 Ky. Law Rep.
927, 49 S. W. 456. This action was brought in the
Franklin circuit court under section 4171, Ky. St.
1903. It could not have been maintained under the
act of 1890, for that act did not confer jurisdiction
upon the Franklin circuit court; and, if the action
had been brought under that act, it must have been
brought in the Jefferson circuit court, the county of
the defendant's residence. As it could not be brought
under the act of 1890, the limitation prescribed by the
act of 1890 is not applicable. When the Legislature
provided a franchise tax, it had the right to pre-
scribe how this tax should be collected. This it did
by section 4171. When the Legislature required the
corporation to pay the money into the treasury, the
cause of action by the State against the corporation
did not accrue until the person was required to pay
the money into the treasury, and had failed to do so.
When he failed to pay the money, his liability was a
cause of action created by statute, and by the express

provision of the general law an action might be maintained upon it within five years after the cause of action accrued. Ky. St. 1903, section 2515. Where the Legislature created by statute a liability and in the statute provided no limitation, necessarily the limitation provided by the general law, in section 2515, Ky. St. 1903, applies. This was so held in Louisville & J. Ferry Co. v. Commonwealth, 108 Ky. 717, 22 Ky. Law Rep. 446, 57 S. W. 624, 626. That was an action to collect the franchise tax for the year 1893, the assessment having been made on March 12, 1898. The counsel for appellant relied on the act of 1890, insisting that under it the action was barred by limitation as it was not begun in five years after the taxes might have been assessed. See abstracts of briefs, 108 Ky. 718-719, 57 S. W. 624, 626. In answer to this the court in its opinion called attention to its previous ruling in the case of Central Railroad Co. v. Commonwealth, 106 Ky. 329, 20 Ky. Law Rep. 927, 49 S. W. 456, to the effect that actions to collect franchise taxes might be maintained in the Franklin circuit court; and expressly held that the action was not based on the act of 1890. The court said: "The questions involved in this case are the same as in five other cases of the same appellant against the same appellee, this day decided (108 Ky. 717, 22 Ky. Law Rep. 446, 57 S. W. 624), except it is insisted that the statute of limitation bars a recovery. This court decided in Central Railway Bridge Co. v. Commonwealth, 106 Ky. 329, supra, that an action could be maintained under certain sections of the Kentucky Statutes, not necessary to mention, but it is sufficient to say the right to do so is not based on the act to which counsel refer." 57 S. W. 624, 626, 108 Ky. 726. "We have examined the revenue act, and are

unable to find any provision therein limiting the time in which an action shall be brought to enforce a claim for taxes against the owner. Taxes are liabilities created by statute, and are barred after the lapse of five years after they are due and payable, and they do not become due until after the assessment is made. Section 2515, Ky. St. 1903. These taxes were not assessed until 1898; and, of course, the statute does not bar a recovery." 57 S. W. 624, 626, 108 Ky. 727.

The same question was involved in Southern Railroad in Kentucky v. Coulter, 113 Ky. 657, 68 S. W. 873, 24 Ky. Law Rep. 203. There franchise taxes from various corporations to the counties of the State for the year 1896 and the subsequent years were in question. As to a part of the taxes more than five years had elapsed since the taxes might have been assessed. The court held the corporation liable. The question of limitation is not mentioned in the opinion, for the reason that the matter was deemed settled by the previous opinion. In the case of Louisville v. Commonwealth, 63 S. W. 580, 23 Ky. Law Rep. 598, which was an action brought under the act of 1890, and was not provided for by any other provision of the statute, the court applied the limitation of that act; thus showing that the court clearly had in mind that actions brought under the act of 1890 were governed by the limitation prescribed in that act. Counsel cite the cases of Railroad Co. v. Commonwealth, 115 Ky. 278, 72 S. W. 1119, and Commonwealth v. Nute, 115 Ky. 239, 24 Ky. Law Rep. 2138, 72 S. W. 1090; but both of those cases were proceedings to assess omitted property under section 4241, Ky. St. 1903. There is nothing in either opinion touching suits to collect taxes. The conclusion we have indicated is in accord with these cases. It was there held that under

section 4241, Ky. St. 1903, property might be retrospectively assessed within five years after the right to maintain the proceeding accrued. By the statute when the assessment is made under it, the taxes are to be collected as other taxes, and so it necessarily follows that the State is not barred of collecting the taxes after five years from the time they might have been assessed; but, under these decisions, she has five years to make the assessment, and may then collect the taxes as other taxes are collected. To hold otherwise would be to hold that the State must make the assessment and sue for the taxes in five years, which would be inconsistent with all the cases on the subject.

Judgment affirmed.

CASE 26.—ACTION BY ROBERT GOODIN, GUARDIAN OF MYRTLE GOODIN TO SELL HER INTEREST IN CERTAIN LANDS FOR HER MAINTENANCE. MILBURN CAMPBELL PURCHASED AT THE SALE AND HIS OBJECTIONS TO THE TITLE BEING OVERRULED AND THE SALE CONFIRMED HE APPEALS.—February 28.