**McDONALD COAL CO. v. HEINER, Internal Revenue Collector.**

(District Court, W. D. Pennsylvania. November 18, 1925.)

No. 3095.

**I. Internal revenue ⟨⟩38—Corporation held under evidence, not entitled to recover corporation income and excess profits tax.**

Corporation, organized solely by members of a partnership, having taken over coal leases from partnership lessee thereof in 1909, and operated them, though title to leases was not transferred to it until 1919, and during 1916 to 1919, having held itself out to the government as a corporation, filed corporation income and excess profit tax, and made returns of annual net income on forms provided therefor, for years 1918, 1919, held, under facts, not entitled to recover tax collected from it under Revenue Acts of 1917 and 1918.

**2. Internal revenue ⟨⟩38—Corporation held not entitled to recover corporation income and excess profits tax, although operating coal leases for partnership.**

Where corporation, organized by members of a partnership, took over coal leases from partnership lessee thereof in 1909 and operated

them for itself, conceding that it operated the leases for the partnership until 1919, it would not be entitled to recover corporation income and excess profits tax, under Revenue Acts of 1917 and 1918, because money involved should be paid back to partnership, if to anybody, and because the same persons who composed the partnership are the same as compose the corporation, and they cannot deny the incorporation to suit their convenience.

At Law. Action by the McDonald Coal Company, Pittsburgh, Pa., against D. B. Heiner, Collector of Internal Revenue, Twenty-Third District of Pennsylvania. Judgment for defendant.

William G. Heiner, of Pittsburgh, Pa., for McDonald Coal Co.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., and A. W. Gregg, and John R. Wheeler, both of Washington, D. C., for D. B. Heiner.

SCHOONMAKER, District Judge. A jury trial having been waived, this case and that of the same plaintiff against C. G. Lewellyn, formerly collector of internal revenue of the Twenty-Third district of Pennsylvania, 9 F.(2d) 994, at No. 3096 Law (1924), were tried together before the court without a jury. In both cases the plaintiff seeks to recover corporation income and excess profits taxes assessed and collected against it by the United States government under the provisions of the Revenue Acts of 1917 and 1918 (40 Stat. 300, 1057).

[1] Practically the only question involved in these two cases is whether or not the plaintiff was in fact a corporation engaged in business which made it liable to corporation income and excess profits taxes under the law at the time the several taxes involved in these two suits were assessed and collected by the government, or whether or not the business at that time was operated and controlled solely by partnership which bore the same name as the plaintiff corporation. From the pleadings and the evidence in this case, we find the following facts:

Some time in 1906 W. S. Lockhart, Benjamin Feriday, and D. L. Williams secured from the Pittsburgh Coal Company title to certain coal leasehold estates, which they took in the name of one of these individuals, and which they operated under a copartnership by the name of McDonald Coal Company. The partnership operated till 1909. Then the partners became the incorporators of a corporation under the name of McDonald Coal Company, which was chartered on November 17, 1909, and which held its organization meeting on December 15, 1909. From

then on to the present time these coal leaseholds were operated by the plaintiff corporation, although the title to the leaseholds was not transferred to the plaintiff corporation until July 15, 1919, when the lessor, the Pittsburgh Coal Company, had consented to such assignment. In the meantime, between the date of the charter and the final transfer to the corporation of the leasehold, W. S. Lockhart, secretary and treasurer of the plaintiff corporation, made numerous attempts to secure the consent of the Pittsburgh Coal Company to that assignment. From 1909 on, and including the years 1916, 1917, 1918, and 1919, the plaintiff held itself out to the government as a corporation, and of its own volition filed corporation income and excess profits tax returns, as well as capital stock tax returns, paying the taxes returned thereon. During the same time the plaintiff filed capital stock tax returns with the state of Pennsylvania and paid the taxes shown thereon. From time to time the plaintiff furnished the government evidence of corporate action in the forms of copies of minutes of action of its board of directors and of its stockholders. Among these minutes may be noted a resolution of the board of directors, dated January 5, 1918, which fixed the salaries of the company's officers, three in number, at $10,000 per year, and a resolution of the stockholders, adopted at a meeting held May 1, 1918, fixing the salaries of the company's officers for the year 1917 at $5,000 each. As a result of the representations contained in the latter resolution of the stockholders, the plaintiff corporation secured an abatement of $10,158.31 from the taxes assessed by the government against it.

The plaintiff corporation, by letter to the Commissioner of Internal Revenue dated, August 7, 1918, asked further relief under article 63 of Department Regulations 41, asserting as a reason therefor that in the year 1909 the three partners, who were then the only stockholders of the company, turned over to the corporation a plant costing approximately $50,000 for capital stock at the par value of $6,000. During this period the plaintiff also held out to the world generally that it was a corporation, permitted itself to be sued as a corporation in a damage suit in the state courts of Pennsylvania, and raised no question as to its corporate existence.

D. B. Heiner, the defendant, is the collector of internal revenue for the Twenty-Third district of Pennsylvania. The plaintiff, on or about the 7th day of June, 1919,

and on or about the 10th day of June, 1920, in compliance with the acts of Congress, made returns on Forms 1120 of the annual net income for its coal business for the calendar years 1918 and 1919, respectively. In such returns the plaintiff certified that the annual net income upon the returns was the annual net income of the plaintiff corporation; the annual net income for the year 1918 being $36,172.73, and for the year 1919 $12,121.56. On the 10th day of October, 1921, the defendant mailed notice and demand of payment of additional tax in the sums of $10,985.64 and $2,641.88 for the calendar years 1918 and 1919, respectively, and specified in such demand that, if the taxes were not paid on or before October 19, 1920, it would be the duty of the defendant to collect the same, with 5 per cent. additional and interest at the rate of 1 per cent. per month until paid. On January 7, 1924, the defendant mailed another notice to plaintiff, demanding payment of said taxes, penalty, and interest, with the result that the plaintiff paid the same January 15, 1924, in the sum of $14,330.97.

On or about January 30, 1922, the plaintiff filed with the Commissioner of Internal Revenue amended returns of net income for the same calendar years on Form 1120, certifying that no income had been earned and therefore no tax was due during said years. At the same time the alleged partnership known as the McDonald Coal Company filed original returns of its alleged net income for the calendar years 1918 and 1919, being the same net income that had been heretofore reported as the net income of the corporation in this case. On February 8, 1924, the plaintiff filed a claim for refund of corporation income and excess profits taxes in the total of $82,255.13, which claim specifically included the taxes here in controversy. It does not appear that any claim for refund was ever made by the partnership known as the McDonald Coal Company, which filed its original returns on January 30, 1922. The Commissioner of Internal Revenue rejected this claim for refund and the plaintiff then brought this suit.

As a matter of law, there was no evidence in this case to support a judgment in favor of the plaintiff, and the defendant is entitled to judgment in his favor for costs and disbursements.

[2] We have found as a matter of fact that the plaintiff corporation operated the coal business involved in the tax returns submitted by it, and we might properly rest our conclusions on that finding alone. But, even conceding that the McDonald Coal Company

partnership operated the plant during the period involved, the plaintiff ought not to recover: First, because the money involved should be paid back, not to this plaintiff, but to the partnership, which was operating the property and made the tax returns on the wrong forms; and second, because the persons who composed the partnership are the same persons who became the stockholders of the corporation. They ought not in honesty and good faith to be permitted to represent themselves to be a corporation, file corporate tax returns, file copies of minutes of corporate action, certify the sale and transfer of partnership property to the corporation, and then deny the incorporation, when it suits the convenience of the incorporators. This is not the case of mistaken corporate tax return forms by a partnership; there is an actual certification to the Commissioner of Internal Revenue of corporate action, which precludes the possibility of there being any mistake. There was a voluntary and deliberate adoption of the corporate forms of action by the persons who were the partners in the copartnership, and who became the incorporators of the plaintiff company and its only stockholders.

There is no merit in the plaintiff's case, and judgment may be entered for the defendant in accordance herewith.