## ROCKWOOD v. UNITED STATES.
### No. H-122.

Court of Claims.
March 3, 1930.

George E. H. Goodner, of Washington, D. C. (Paul D. Banning and Mathews & Trimble, all of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS; LITTLETON, and GRAHAM, Judges.

GREEN, Judge.

This is a suit to recover an alleged overpayment of income and excess profits taxes for the year 1918.

The plaintiff is the trustee of the Caplice Commercial Company, a dissolved corporation, which was organized under the laws of the state of Montana, and had been carrying on a wholesale liquor business from a time prior to March 1, 1913. Under the laws of Montana its charter expired on October 13, 1917, and the corporation was thereby dissolved, but after that date the business was carried on through the year 1918 under the same name, in the same location, and in the same manner by two stockholders, who owned all the stock at the time fixed by law for its dissolution. At that time the plaintiff and two other parties were directors of the corporation. The other two directors died in 1923, leaving plaintiff the sole surviving trustee. There is nothing in the evidence to show that the parties carrying on the business knew that the charter had expired up to the time when the second claim for refund (to which reference will hereinafter be made) was filed on February 8, 1927.

On July 15, 1919, the Caplice Commercial Company filed a corporation income and profits tax return for the calendar year 1918 showing a tax liability of $73,138.09, which was assessed against that company in July, 1919. Upon an audit of this return, the Commissioner of Internal Revenue determined the net income of the company for 1918 to be $102,691.85, and, by applying the provisions for special assessment under section 328 of the Revenue Act of 1918, the Commissioner determined its tax liability to be $66,427.-52, which was paid, the last payment thereof being on May 9, 1923. In determining the net income of the company to be $102,691.85, the Commissioner did not allow any deduction for loss of good will or other similar intangibles. On January 6, 1925, the corporation filed a claim for refund of $51,912.01 of the taxes paid for the year 1918, as above set forth, and as a ground for this refund stated that the Commissioner of Internal Revenue had refused to allow the sum of $65,000 for obsolescence of good will due to the enactment of prohibition legislation. This claim for refund was denied on April 3, 1925.

On February 8, 1927, a claim for refund of $10,280.08 of the taxes paid for the year 1918, plus interest and penalties amounting to $2,056.02, aggregating $12,336.10, was filed by the plaintiff as sole surviving director of the Caplice Commercial Company. The

grounds of this claim for refund were that the return made for the year 1918 was erroneous, for the reason that the charter of the company had expired on October 13, 1917, and the corporation had ceased to exist, and further that, after the expiration of the charter, the individual stockholders continued the business as a partnership under the same name; also that the commissioner was without authority to tax the Caplice Commercial Company as a corporation or an association. The claim for refund also stated that it was supplemental and amendatory of the former claim filed on January 6, 1925.

The first claim for refund raises the question of whether in computing the net income of the Caplice Commercial Company for the taxable year 1918 it was entitled to a deduction from gross income for obsolescence or loss of good will. As the only ground stated in the claim for refund as a basis of an allowance for obsolescence or good will was the fact that the state of Montana had enacted a law forbidding the sale of intoxicating liquors, commonly known as the Prohibitory Law, this question is disposed of by the case of Clarke, Collector, v. Haberle Crystal Springs Brewing Co., 280 U. S. 384, 50 S. Ct. 155, 74 L. Ed. ——, decided by the Supreme Court January 27, 1930, C. C. H. 8238, in which it is held that no deduction can be made in computing net income on such grounds. This brings us to a consideration of the question of whether the plaintiff is entitled to a refund under her second claim filed February 8, 1927.

The defendant objects to a consideration of the second claim for refund on the ground that six months had not intervened between the time of the Commissioner's decision and the time of commencing the suit as required by law. The plaintiff, on the other hand, insists that the second claim for refund is in fact an amendment to the first, and therefore there was no necessity of this lapse of time. The plaintiff also asks that, if the court should hold that the action was in fact prematurely brought, she be permitted to dismiss without prejudice and commence a new suit. We do not find it necessary to pass on these contentions, as upon a consideration of the merits of plaintiff's case we have come to the conclusion that it is not well founded, for reasons which follow.

Plaintiff claims that, after the expiration of the charter, the corporation ceased to exist, and that the parties conducted the business as a partnership, but there is no evidence of any agreement between the parties and none from which an agreement might be implied to share the profits and losses of the enterprise. This is an essential element of a partnership, and therefore no partnership existed. The business was being carried on by parties voluntarily associated, and such an association was subject to the same taxes as a corporation. Under this state of facts, we think it clear that the plaintiff cannot recover, for two reasons:

First, the plaintiff is estopped to deny that the Caplice Commercial Company was a corporation. The company filed its original return for 1918 as a corporation, and filed its first claim for a refund as a corporation. This is clearly shown by the fact that the claim was signed by the vice president, and a computation of invested capital made therein which included the profits of former years when the company was a corporation. These facts may not be sufficient to create an estoppel for the reason that there is no evidence that the parties in control of the business and who had the return and refund claim presented knew at that time that the charter had expired. But, when the second claim of refund was made, although it was expressly stated therein that the charter had expired, the plaintiff sought to take advantage of the company's former claim of refund made as a corporation and claiming credits which could be allowed only in case the company was a corporation in 1918. The plaintiff still urges under the first claim for refund that, in assessing the tax to be paid, the net profits of the corporation for previous years be included in invested capital, and plaintiff is still asking—or was so doing when the case was submitted to this court—that a deduction be made for good will lost by reason of the Prohibition Act, which formed a part of the basis of the claim filed as a corporation. In the last claim for a refund plaintiff raises anew the contention of the first claim for refund. Under this state of facts, we think plaintiff is estopped to set up the claim that the company was not a corporation in 1918.

Second, if the company was not taxable as a corporation, it was taxable as an association at a rate and for an amount which at least would have been no less than that assessed against the corporation. This tax would have been collected had the assessment been timely from the same parties who have in fact paid the tax, and, if the refund is made as claimed, it will go to these parties. The case was argued on behalf of plaintiff as if the refund would go to the corporation. It cannot, because the corporation does not exist, nor can the plaintiff properly claim a refund for the corporation. This suit is en-

titled "Mary A. C. Rockwood, Trustee of Caplice Commercial Company, a dissolved corporation." If this title be correct, the plaintiff has no authority to bring the suit, but the allegations of the petition show that she is now the sole surviving director of the dissolved corporation, and under the Montana statute is a trustee for the stockholders, creditors, and members of the corporation, with power to wind up its affairs, and, of course, to turn over its property to the parties to whom it belongs and for the owners thereof; in other words, the plaintiff is the trustee of this property for the benefit of the stockholders and creditors. It thus appears that the stockholders and creditors, or persons claiming under them, through the plaintiff, who is their trustee, are making a claim for the refund of taxes which they should have paid, on the ground that the former assessment was erroneous in form, although this form was one for which the directors were responsible at the time. We think it clear that the parties for whom plaintiff is trustee have no basis in law or equity for the claim which they are now making. In this conclusion we are sustained by the decision made in McDonald Coal Co. v. Heiner (D. C.) 9 F.(2d) 992, 994, affirmed (C. C. A.) 16 F.(2d) 274, which was a case where a partnership had held itself out to the government as a corporation, and of its own volition filed income and excess profits tax returns, as well as a capital stock tax return, paying the taxes thereon, and was held to be taxable as a corporation for the years 1916, 1917, 1918, and 1919. In deciding this case, the court said:

"They ought not in honesty and good faith to be permitted to represent themselves to be a corporation, file corporate tax returns, file copies of minutes of corporate action, certify the sale and transfer of partnership property to the corporation, and then deny the incorporation, when it suits the convenience of the incorporators. This is not the case of mistaken corporate tax return forms by a partnership; there is an actual certification to the Commissioner of Internal Revenue of corporate action, which precludes the possibility of there being any mistake. There was a voluntary and deliberate adoption of the corporate forms of action by the persons who were the partners in the copartnership, and who became the incorporators of the plaintiff company and its only stockholders."

It is not necessary for us to decide whether the company was a de facto corporation or an association. In any event, if we are correct in the views expressed in the foregoing opinion, the plaintiff is not entitled to recover, and it is accordingly ordered that her petition be dismissed.

BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GRAHAM, Judges, concur.