## HAAG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4679.

Circuit Court of Appeals, Seventh Circuit.

June 7, 1932.

Respondent assessed a deficiency tax of $1,811.18 against petitioner for the year 1922. On appeal this amount was reduced to $1,570.57 by the Board of Tax Appeals. Petitioner disputes the valid assessment of any deficiency tax.

Petitioner's income tax return for the year 1922 showed $2,445.45 as income received from the partnership of the Haag Drug Company. Respondent increased this amount to $13,083.80, fixed petitioner's net income at $24,156.45, and assessed a deficiency tax of $1,811.18. The Board reduced the amount of income and also the tax thereon. The present controversy is over the propriety of including income from this partnership as part of petitioner's income.

The Haag Drug Company was a partnership with Julius A. Haag and Louis E. Haag, brothers, each owning a one-half interest. On May 16, 1922, Julius Haag died. He bequeathed one-half of his property to petitioner and the other one-half to his partner. His will was promptly probated, and petitioner and her brother became executors and administered the estate. The brother died June 7, 1923, before the administration of the estate was completed. The business of the Haag Drug Company, after the death of Julius, was conducted by the brother Louis, under orders of the Probate Court, until he died. The Commissioner determined the net income of the Haag Drug Company

for the year 1922 to be $83,736.86. The Board reduced this sum by $9,000. The Board included one-fourth of income for 7½ months, or $11,677.63, in petitioner's 1922 income and computed the deficiency tax at the above stated sum of $1,570.57. Petitioner's attack upon the inclusion of this item is predicated upon her assertion that she was not a partner of the Haag Drug Company.

George E. H. Goodner, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

The precise question presented by the record before us may be stated thus: Should the petitioner be chargeable with the tax due upon the Julius Haag share of the net income of the Haag Drug Company earned in 1922, after the death of Julius? No question is involved as to the correctness of the amount of the Haag Drug Company's net income for 1922, nor is it denied that a tax was due the Government thereon.

Petitioner contends that she never was a member of the copartnership of Haag Drug Company and was not chargeable with the tax on one-half of the income of said company earned in 1922, after Julius's death. Respondent meets these contentions by asserting (a) that petitioner is estopped to deny membership in the partnership and (b) that she has failed to show that she was not a member of the partnership during 1922, after her brother died.

*Estoppel.* Petitioner's return for the year 1922, was filed ten months after the death of Julius Haag. In this return petitioner listed $2,445.45 as income from the partnership of Haag Drug Company, 114 North Pennsylvania Street, Indianapolis, Indiana. The Haag Drug Company made a partnership return listing petitioner and giving her address under the heading "Name and Address of each Partner." Her interest was stated to be one-fourth for seven and one-half months. Both the petitioner and the partnership made like representations in their income tax returns for the year 1923. Respondent accepted this statement of petitioner's status as a member of the partnership and confined its investigation to the correctness of the earnings of the partnership for the year 1922. The determination was made February 19, 1927. Not until this determination was made did petitioner deny membership in the partnership. In the meantime the period of limitation for assessment and collection of the 1922 taxes had expired, and it was too late for respondent to assess the tax against the estate.

Both precedent and the principles underlying the doctrine of estoppel support respondent's position. Rockwood v. United States (Ct. Cl.) 38 F.(2d) 707; McDonald Coal Co. v. Heiner (D. C.) 9 F.(2d) 992, affirmed McDonald Coal Co. v. Lewellyn (C. C. A.) 16 F.(2d) 274; Illinois Central R. R. Co. v. Commonwealth, 128 Ky. 268, 108 S. W. 245, affirmed 218 U. S. 551, 31 S. Ct. 95, 54 L. Ed. 1147; Union School District v. Bishop, 76 Conn. 695, 58 A. 13, 66 L. R. A. 989; Central Pacific Railroad v. California, 162 U. S. 91, 16 S. Ct. 766, 40 L. Ed. 903.

Having represented under oath to the Government that she was a member of the partnership and the Government having accepted her representation and acted accordingly, she can not be heard to deny that status after the time had passed for the Government to validly assess a tax against the estate. The soundness of this conclusion is fortified by the additional reason that, had a tax been assessed against the estate of the deceased brother, a part of the tax, equal to what petitioner must now pay, would have ultimately been deducted from her share of said estate.

The order of the Board of Tax Appeals is affirmed.