**COMMONWEALTH OF KENTUCKY, ex rel. MARTIN, Commissioner of Revenue, v. MORRIS WHOLESALE LIQUOR DISTRIBUTING CO.**

No. 1627.

District Court, E. D. Kentucky.

Sept. 29, 1939.

J. J. Leary and Clifford E. Smith, both of Frankfort, Ky., for the Commonwealth.

Harvey H. Smith (of Smith & Schuberth), of Cincinnati, Ohio, for defendant.

SWINFORD, District Judge.

There are quite a number of briefs in this case filed by the defendant and it has been a little tedious trying to work out just what motions the defendant is advancing. With the record in its present shape it appears that the defendant is relying on the following defenses:

1. That the attachment should be discharged because the Franklin Circuit Court was without jurisdiction to entertain the action.

311

2. That the petition states no ground of attachment.

3. That the tax sought to be collected by this action is invalid because the statute providing for the tax is unconstitutional under sections 171, 172, 174 and 181 of the Constitution of Kentucky, and is invalid and void because it authorizes the collection of taxes on imports shipped into Kentucky by the defendants.

4. That the State has no authority to maintain this action.

5. That the service of summons should be quashed because it was not served on the proper person.

6. That the service of summons should be quashed because it was not served by the proper officer.

7. The petition should be dismissed and the attachment dissolved because the petition does not state a cause of action.

8. There is a defect of parties plaintiff. The Commonwealth's Attorney of Boyd County is the proper party to bring the action.

9. The statute on which the plaintiff relies to recover the penalty is an imprisonment statute and is therefore of the nature of a criminal statute and any proceeding under it must be in the county in which the alleged statutory violation is charged to have occurred. That this would of necessity be Boyd County and thus Boyd County had exclusive jurisdiction.

10. That there is a misjoinder of causes. That a proceeding to collect a tax cannot be joined with a suit to enforce a penalty.

These various defenses have been raised by the defendant's motion to dismiss the petition, special demurrer to the petition and a motion to dissolve the attachment. I will take these defenses in the order named.

■ 1. That the Franklin Circuit Court had no jurisdiction of the action.

Section 4171, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, provides: "Suits and motions against sheriffs, clerks, or against them or their securities on their official bonds, or their heirs, devisees or representatives, and all other persons required to pay money into the state treasury, or to do any other act required by law to be done connected with the payment of money into the state treasury after it has been collected, may be instituted in the Franklin circuit court, and prosecuted as prescribed by law."

It has been repeatedly held that this provision authorizes proceedings in the Franklin Circuit Court to collect taxes. Illinois Central R. R. Co. v. Commonwealth, 128 Ky. 268, 275, 108 S.W. 245. It is further insisted that since the statute fixing the penalty provides for a fine and imprisonment and since a criminal prosecution had been instigated in Boyd County where the offense is alleged to have occurred, that Boyd County is the proper forum in which to proceed and that its courts alone have jurisdiction of the parties. It must be pointed out that this is not a proceeding to collect a fine, but is a proceeding on a statute whose whole purpose is the collection of the revenue. Such character of cases have been repeatedly held to be civil actions and subject to the provisions of the Kentucky law pertaining to such actions. See James, Auditor v. Helm, 129 Ky. 323, 111 S.W. 335, and the cases therein cited.

■ Section 4171, Kentucky Statutes, above referred to, fixes the jurisdiction in the Franklin Circuit Court to collect the tax. This section is also sufficient to fix the jurisdiction for the collection of the penalty and interest.

Section 4281c-20 provided for the institution of proceedings to collect the tax, "with penalties and interest thereon". Section 4281c-24 provides that all the revenues collected under the act shall be paid into the State treasury. Section 4171 quoted above fixes the jurisdiction for proceedings to collect money into the State treasury.

The Franklin Circuit Court has jurisdiction of the parties and the subject matter.

■ 2. That the petition states no ground for attachment. The defendant's contention here is entirely untenable.

Section 4281c-20 sets forth the necessary allegations for an attachment. The petition is in the wording of this statute and added thereto the required Code provision which is paragraph 8 of subsection I of Section 194, Carroll's Kentucky Codes (Civ.Code Prac.). There is the further allegation under subsection II of Section 194 of the Code. There may be some doubt as to whether this last mentioned provision could be invoked in this character of case since it requires that the claim must be based upon a contract judgment or award. Since the other grounds for attachment

are adequate this could detract nothing from the sufficiency of the pleading.

3. The question of the constitutionality of these sections of the statutes cannot be raised by the motions now filed.

4. That the State has no authority to maintain this action is not very strenuously urged by the defendant. The statute expressly provides who shall bring the action. Section 4257a-1, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, 1939 Supplement.

5. I cannot pass upon the question of whether the process was served on the proper person as there is nothing in the record to show upon whom it was served. There was no copy of the process in the record when it was removed to this court. Counsel having causes removed should not brief points in the record that they have neglected to have included with the record as certified to this court.

6. The same is true with reference to the question that the proper officer did not serve the process.

7. The petition states a cause of action and it is superfluous for me to review what has already been said on this subject.

8. The proper party to bring the action is the Commissioner of Revenue and not the Commonwealth's Attorney of Boyd County. These matters are expressly provided by the Statute itself. This Statute has never been repealed or declared unconstitutional. Its wording is clear and I am somewhat at a loss to understand why counsel makes many of these questions. Section 4257a-1, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, 1939 Supplement.

9. The defense suggested here was discussed and disposed of in the discussion under the first defense, that of jurisdiction, and will not be further discussed.

10. This point is not well taken. There is no misjoinder of causes here. All of these matters grow out of the same thing. This proceeding to collect the tax, penalty and interest could certainly not be considered unrelated to the same subject matter and facts, even without the Federal Rules of Civil Procedure. Rule 18, 28 U. S.C.A. following section 723c.

Each of defendant's motions is overruled.

Orders should be prepared and submitted.